**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SPENCER MAYHEW, and<br><br>X.R. and H.R., minors, by and through next friend ASHLEY REICHERT,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CANDID COLOR SYSTEMS, INC., an Oklahoma corporation, TSS PHOTOGRAPHY, LLC, an Oklahoma limited liability company, and TSS PHOTOGRAPHY OF SALEM, IL, a voluntary unincorporated association based in Illinois,<br><br>Defendants. | Case No. 3:23-cv-2964 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Candid Color Systems, Inc. ("Candid Color") and TSS Photography, LLC ("TSS") (collectively, "Defendants") hereby remove this action from the Twentieth Judicial Circuit, Circuit Court of St. Clair County, Illinois, to the U.S. District Court for the Southern District of Illinois. Removal is proper because this Court has jurisdiction under (i) the Class Action Fairness Act of 2005 and (ii) 28 U.S.C. § 1332(a). In support of removal, Defendants state as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this civil action under 28 U.S.C. §§ 1332(d)(2) and 1332(a). This action is therefore removable: (i) pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), because this is a class action in which the size of the proposed class exceeds 100 members, there is diversity of citizenship

between at least one member of the putative class of plaintiffs and one defendant, and the amount in controversy exceeds $5 million, exclusive of interest and costs; and (ii) pursuant to 28 U.S.C. § 1332(a), because complete diversity exists between the properly named parties and the amount in controversy for Plaintiff Spencer Mayhew's claims exceeds $75,000.

2.      Removal to this Court is proper because the U.S. District Court for the Southern District of Illinois embraces the Circuit Court of St. Clair County, Illinois, where Plaintiffs Spencer Mayhew, X.R., and H.R. ("Plaintiffs") filed this action.  *See* 28 U.S.C. §§ 93(c), 1441(a).

## STATE COURT ACTION

3.      On July 18, 2023, Plaintiffs filed a Class Action Complaint in the Circuit Court of St. Clair County, Case No. 23-LA-826, based on alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* (the "BIPA").  *See* **Exhibit A**, Class Action Compl., attached hereto.

4.      Plaintiffs bring this action for "statutory damages" and other relief as a result of Defendants' alleged "violations of BIPA."  *E.g.*, *id.* ¶¶ 7, 88, 128.  Plaintiffs allege Defendants violated the BIPA by: (a) failing to publish and comply with a publicly available written retention schedule regarding the purported storage of Plaintiffs' biometric data, in alleged violation of BIPA Section 15(a), *e.g.*, *id.* ¶¶ 85, 125; (b) collecting Plaintiffs' biometric data without providing the requisite notice and obtaining their written consent, in alleged violation of BIPA Section 15(b), *e.g.*, *id.* ¶¶ 93, 101, 109, 133, 141, 149; and (c) "profit[ing] from the biometrics of . . . Plaintiffs and the Class members by using [the biometrics] to facilitate the sale of photographs," in alleged violation of BIPA Section 15(c), *e.g.*, *id.* ¶¶ 117, 157.

5.      Plaintiffs request, on behalf of themselves and a putative class, an order awarding: injunctive relief by requiring Defendants to comply with Plaintiffs' interpretation of the BIPA; "statutory damages in the amount of $5,000.00 for each and every intentional or reckless violation of BIPA, as allowed under BIPA Section 20(2)"; "statutory damages in the amount of $1,000.00 for each and every negligent violation of BIPA, as allowed under BIPA Section 20(1)"; and "reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, as allowed under BIPA Section 20(3)."  *See id.* at p. 29.

6.      On August 4, 2023, Plaintiffs served Candid Color with copies of the Complaint and Summons.  *See* Ex. A.

7.      On July 31, 2023, Plaintiffs served TSS with copies of the Complaint and Summons.  *See* **Exhibit B**, attached hereto.

8.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed and served on Defendants in the state court action are attached hereto as Exhibits A and B.

9.      No further proceedings have occurred in the state court action.  *See* **Exhibit C**, attached hereto (St. Clair County, Illinois Circuit Clerk, Civil Records – Case Detail, Case No. 23-LA-0826 (Aug. 29, 2023)).

## TIMELINESS

10.     Removal is timely because Defendants filed this Notice within 30 days of service of the Complaint on Candid Color, which occurred on August 4, 2023, and within 30 days of service of the Complaint on TSS, which occurred on July 31, 2023.  *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).[1]

---

[1] Removal is timely as long as at least one Defendant removes the case within 30 days after being served with the Complaint.  *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

11.     This Court has original jurisdiction under CAFA because: (a) the putative class includes more than 100 members; (b) there is minimal diversity of citizenship; and (c) the amount in controversy exceeds $5 million.

### CLASS SIZE

12.     The class Plaintiffs seek to represent includes more than 100 members.  The proposed class includes "[a]ll residents of the State of Illinois whose biometric information or biometric identifiers were collected, captured, purchased, received through trade, or otherwise obtained by, or profited from by Defendants while residing in Illinois."  Ex. A, Compl. ¶ 72.

13.     Plaintiffs allege that "the class includes thousands of members."  *Id.* ¶ 73; *see also id.* ¶¶ 6, 59, 61.  Solely for purposes of removal, and without conceding that Plaintiffs or the class are entitled to any relief, Defendants assume Plaintiffs' allegation that the proposed class "includes thousands of members" is true.  *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[D]efendant may rely on the estimate of the class number set forth in the complaint.").

### MINIMAL DIVERSITY OF CITIZENSHIP

14.     There is minimal diversity of citizenship among the parties.  Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

15.     For purposes of determining diversity, an individual is a "citizen" of the state in which he is domiciled.  *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021)

---

or service on that defendant of the initial pleading or summons . . . to file the notice of removal.").

("[I]t has long been established that natural persons are typically a citizen of the state in which they reside or—to be more precise—are 'domiciled.'") (citation omitted).

16.     Plaintiffs reside in Illinois and are citizens of Illinois.  Ex. A, Compl. ¶¶ 8-9.

17.     Candid Color is an Oklahoma corporation with its principal place of business in Oklahoma.  *Id.* ¶ 10.  A corporation is "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Thus, Candid Color is a citizen of Oklahoma for diversity purposes.

18.     TSS is an Oklahoma limited liability company with its principal place of business in Oklahoma.  *See* Ex. A, Compl. ¶ 11.  Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10).  A limited liability company is an "unincorporated association" under CAFA.  *See Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1068 n.2 (C.D. Ill. 2016) ("[U]nder CAFA, an 'unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.'  28 U.S.C. § 1332(d)(10).  The complaint alleges that Jimmy John's is a Delaware limited liability company with its principal place of business in Illinois. The allegation is sufficient.").  Thus, TSS is a citizen of Oklahoma for diversity purposes.

19.     Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).  *See, e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity under CAFA existed when class representative was Illinois citizen and defendant was Delaware corporation with principal place of business in Arizona).

DM2\18275287.1

## AMOUNT IN CONTROVERSY

20.     The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated."  28 U.S.C. § 1332(d)(6).

21.     To demonstrate that the amount-in-controversy requirement is met, Defendants need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).  Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (defendant's good-faith estimate of amount in controversy is sufficient for removal purposes).

22.     Defendants deny the merits of Plaintiffs' claims and deny that Plaintiffs or the putative class are entitled to any monetary or other relief.  Solely for purposes of CAFA jurisdiction, however, the amount in controversy exceeds $5 million.

23.     Plaintiffs allege "intentional or reckless" violations of the BIPA, *e.g.*, Ex. A, Compl. at p. 29, which carry statutory damages of $5,000 "per violation."  740 ILCS 14/20. Plaintiffs also allege at least three separate statutory "violations" in Counts I through X under BIPA Sections 15(a), 15(b), and 15(c).  Ex. A, Compl. ¶¶ 82-160.

24.     Based solely on the Complaint's allegations (which Defendants deny), and assuming an aggregate class size of only 500 members (far less than the class size of "thousands" alleged in the Complaint, *id.* ¶ 73), if each class member is entitled to recover $5,000 for each alleged Section 15(a), 15(b), and 15(c) violation, recovery of greater than $5 million is legally

possible (*i.e.*, 500 class members x $5,000 statutory damages x 3 violations = $7.5 million).[2]  *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citation omitted).

## GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

25.     This Court also has subject matter jurisdiction under 28 U.S.C. §1332(a) because complete diversity exists between the properly named parties and the amount in controversy for Plaintiff Spencer Mayhew's claims exceeds $75,000.  TSS of Salem consents to Defendants' removal under 28 U.S.C. §1332(a).

### COMPLETE DIVERSITY OF CITIZENSHIP

26.     Complete diversity exists where a civil action is between "citizens of different States," 28 U.S.C. § 1332(a) – *i.e.*, where no plaintiff is a citizen of the same state as any properly named defendant.

27.     As stated, Plaintiffs are citizens of Illinois, and Candid Color is a citizen of Oklahoma.  *See* Ex. A, Compl. ¶¶ 8-10.

28.     Defendant TSS is an Oklahoma limited liability company with its principal place of business in Oklahoma.  *See id.* ¶ 11.  For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), an LLC is a citizen of the state(s) of citizenship of each of its members.  *See Hukic v. Aurora Loan Services*, 588 F.3d 420, 427 (7th Cir. 2009).  TSS has two members: (1) Jack E. Counts, Jr., a citizen of Oklahoma; and (2) Beverly Ellis, a citizen of Oklahoma.  TSS is thus a citizen of Oklahoma for purposes of 28 U.S.C. § 1332(a).

---

[2] Defendants include this amount in controversy based solely on the Complaint's allegations and do not concede Plaintiffs' allegations are correct.  Defendants also do not concede that Plaintiffs' putative class is certifiable.

29.     Plaintiffs allege, "upon information and belief," that Defendant TSS Photography of Salem, IL ("TSS of Salem") is a "voluntary unincorporated association" whose owners and members are Illinois citizens Saundra and Brian Banning.  Ex. A, Compl. ¶ 12.

30.     TSS of Salem being named as a Defendant does not destroy diversity because TSS of Salem has been improperly joined to this action.  TSS of Salem's alleged BIPA violations are based on "photographers working on [its] behalf" taking photos of Plaintiffs X.R. and H.R. and uploading the photos "to the TSS photo-ordering website."  *Id.* ¶¶ 52-53.  The biometric data of X.R. and H.R. (specifically, their "faceprints") were then allegedly extracted using "the Candid Color 'Ecommerce platform.'"  *Id.* ¶ 54.  Plaintiffs' BIPA claims against TSS of Salem, as stated in Counts VI through X, are not colorable because TSS of Salem is alleged to have "possessed" or "collected" only ***photographs*** of X.R. and H.R. – not their biometric data. Moreover, the image-matching tool described in the Complaint was not used in connection with photos depicting X.R. or H.R.  The Court should therefore disregard TSS of Salem's citizenship for purposes of invoking diversity jurisdiction.

### AMOUNT IN CONTROVERSY

31.     Based on the Complaint's allegations, the amount in controversy exceeds $75,000.  When analyzing the amount in controversy in a class action under 28 U.S.C. § 1332(a), "at least one named plaintiff must satisfy the jurisdictional amount."  *Clement v. Lau*, No. 03 C 6179, 2003 WL 22948671, at *2 (N.D. Ill. Dec. 10, 2003).  In other words, "the individual claims of class members cannot be aggregated to meet the jurisdictional amount, and instead each class member is required to have a jurisdictionally-sufficient claim."  *Id.*; *see also In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).

32.     Plaintiffs allege "intentional or reckless" violations of the BIPA, *e.g.*, Ex. A, Compl. at p. 29, which carry statutory damages of $5,000 "per violation."  *See* 740 ILCS 14/20. Plaintiffs also allege five separate BIPA "violations" against Defendants in Counts I through X under BIPA Sections 15(a), 15(b), and 15(c).  Ex. A, Compl. ¶¶ 82-160.  The amount in controversy exceeds $75,000 because Plaintiff Spencer Mayhew alleges that photographers took *multiple* photos of him during his May 13, 2023 graduation ceremony, and Candid Color's records reflect that a total of four distinct photographs of Mr. Mayhew were uploaded to the "Grad Photo Network" website described in the Complaint.  *See id.* ¶¶ 39-44.  If Mr. Mayhew can recover $5,000 for each alleged BIPA violation under Sections 15(a), 15(b)(1), 15(b)(2), 15(b)(3), and 15(c) with respect to each of the four photos, recovery of greater than $75,000 is legally possible (*i.e.*, $5,000 statutory damages x 5 violations x 4 photographs = $100,000).[3]

## NOTIFICATIONS

33.     Defendants will promptly provide written notice to Plaintiffs, through counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

34.     Defendants will file a copy of their Notice of Removal with the Clerk of the Circuit Court of St. Clair County, Illinois, Twentieth Judicial Circuit, in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

35.     If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA or 28 U.S.C. § 1332(a), the removal clock will have not begun to run, and Defendants reserve the right

---

[3] Defendants do not concede that Plaintiffs can recover three separate statutory-damage awards under BIPA Section 15(b), as suggested by Plaintiffs asserting three separate counts (Counts II through IV) premised on alleged violations of Sections 15(b)(1), 15(b)(2), and 15(b)(3). *See* Ex. A, Compl. ¶¶ 90-112.

to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

36.     Defendants reserve all defenses and objections they may have to this action, without conceding either the Complaint's allegations or that Plaintiffs have pleaded claims upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, this action is properly removed to this Court.

Dated: August 30, 2023                           Respectfully submitted,

                                                 /s/ *Gerald L. Maatman, Jr.*
                                                 Gerald L. Maatman, Jr.
                                                 (gmaatman@duanemorris.com)
                                                 Jennifer A. Riley
                                                 (jariley@duanemorris.com)
                                                 Tyler Zmick
                                                 (tzmick@duanemorris.com)
                                                 DUANE MORRIS LLP
                                                 190 South La Salle Street, Suite 3700
                                                 Chicago, Illinois 60603-3433
                                                 Telephone: (312) 499-6700

                                                 ***Attorneys for Defendants Candid Color Systems, Inc. and TSS Photography, LLC***

DM2\18275287.1

## CERTIFICATE OF SERVICE

I, Gerald L. Maatman, Jr., an attorney, certify that on August 30, 2023, I caused a true and correct copy of the foregoing document to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

John J. Driscoll (ARDC No. 6276464)
(john@jjlegal.com)
THE DRISCOLL FIRM, P.C.
1311 Avenida Juan Ponce de Leon, 6th Floor
San Juan, Puerto Rico 00907
Telephone: (314) 222-2605

Matthew J. Limoli (ARDC No. 6328051)
(matthew@thedriscollfirm.com)
THE DRISCOLL FIRM, P.C.
301 Fayetteville Street, Suite 1825
Raleigh, North Carolina 27601
Telephone: (919) 582-6516

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.

DM2\18275287.1