# EXHIBIT A

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

| | |
|---|---|
| State of Illinois ) S.S.<br>County of St. Clair ) | SERVICE OF SUMMON<br>ACCEPTED<br>AUG 04 2023 |

**Case Number** 2023-LA-826

**Amount Claimed** Over $50,000

SPENCER MAYHEW AND OKLAHOMA SECRETARY
and H.R. minors, by and through OF STATE
next friend, ASHLEY REICHERT,
individually and on behalf of others
similarly situated,

**Plaintiff(s)**

VS

CANDID COLOR SYSTEMS, Inc.

TSS PHOTOGRAPHY, LLC
TSS PHOTOGRAPHY OF SALEM,
IL

**Defendant(s)**

---

Classification Prefix _____ Code _____   Nature of Action _____ Code _____

Pltf. Atty. John J. Driscoll _____ Code ____
Address 1311 Ave ponce de leon _____
City san Juan, PR 00907 _____ Phone 314-932☐
Add. Pltf. Atty John J. Driscoll _____ Code ____

### TO THE SHERIFF: SERVE THIS DEFENDANT A

NAME CANDID COLOR SYSTEMS, Inc.

Oklahoma Secretary of State

ADDRESS 421 N.W. 13th St, Suite 210,

### SUMMONS COPY

To the above named defendant(s)......:

CITY & STATE Oklahoma City, OK 73103

☐ **A.** You are hereby summoned and required to appear before this court at

(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service
provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

RECEIVED

AUG - 4 2023

OKLAHOMA SECRETAR'
OF STATE

**TO THE OFFICER:**

This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 7/21/2023 _____ 20___
                    Nora Sternau

_____
                    Clerk of Court

BY DEPUTY: _____

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

**(a) – (Individual defendants – personal):**
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**(b) - (Individual defendants - abode):**
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**(c) - Corporation defendants):**
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**(d) - (Other service):**

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . .$_____ |
| Total . . . . . . . . . . . . . . . . . . . . . .$_____ |
| _____ |
| Sheriff of _____ County |

_____, Sheriff of _____County

_____, Deputy

Electronically File
Kinnis Williams, S
Circuit Cler
Nora Sterna
23LA0826
St. Clair Count
7/18/2023 3:40 Pl
2358574

IN THE CIRCUIT COURT

TWENTIETH JUDICIAL CIRCUIT

ST. CLAIR COUNTY, ILLINOIS

|  |  |
|---|---|
| SPENCER MAYHEW, and<br><br>X.R. and H.R., minors, by and through next friend ASHLEY REICHERT,<br><br>individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>CANDID COLOR SYSTEMS, INC., an Oklahoma corporation,<br><br>TSS PHOTOGRAPHY, LLC, an Oklahoma limited liability company, and<br><br>TSS PHOTOGRAPHY OF SALEM, IL, a voluntary unincorporated association based in Illinois.<br><br>      Defendants. | Case No. 23 -LA- 826 _____ |

## **CLASS ACTION COMPLAINT**

Plaintiffs Spencer Mayhew ("Mayhew") and X.R. and H.R, minors, by and through next

friend Ashley Reichert ("Minor Plaintiffs," and together with Mayhew, "Plaintiffs"), bring this

Class Action Complaint individually and on behalf of all others similarly situated against

Defendants Candid Color Systems, Inc. ("Candid Color"), TSS Photography, LLC ("TSS"), TSS

Photography of Salem, IL ("TSS of Salem," and together with Candid Color and TSS,

"Defendants") under 735 ILCS 5/2-801, *et seq*. In support of their Complaint, Plaintiffs state and

allege as follows:

## NATURE OF THE CASE

1.     This is a class action for damages arising from Defendants' violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et. seq.* ("BIPA"). Defendants have violated BIPA by illegally collecting and using Plaintiffs' biometric identifiers and biometric information ("biometrics") without informed written consent, and are understood to have done the same to countless other similarly situated individuals.

2.     The Illinois legislature has recognized that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed.  Biometrics, however, are biologically unique to the individual;  therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." *Id.*

3.     In response to these concerns, the legislature enacted BIPA, which provides that a private entity may not obtain or possess a person's biometrics unless it: (1) informs that person in writing that biometrics will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometrics are being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometrics; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying the biometrics it collects or stores. Furthermore, BIPA prohibits private entities from profiting in any way from a person's biometrics.

4.     Candid Color provides an online platform for the marketing and sale of photos taken at school graduation ceremonies and youth sporting events (among other types of events). TSS is a subsidiary of Candid Color that uses its online sales platform.

2

5.      Candid Color's platforms use facial recognition technology. In Candid Color's words, its "[i]ntegrated facial recognition makes finding images easy," because "consumers can click on one of their images to see all of their images." In other words, Candid Color's facial recognition software can identify facial images in a particular photograph and locate potentially-matching facial images among other photographs in a gallery. This can be done only by extracting from each photo data representing the unique geometry of each facial image so that comparisons can be made. Under BIPA, "scan[s] of . . . face geometry" are biometrics, 740 ILCS 14/10, so Candid Color cannot collect or use them unless BIPA is complied with.

6.      Yet, as described further in this Complaint, Candid Color does not comply with BIPA. It has collected, stored, used, and profited from the biometrics of hundreds of Illinois citizens, many of whom never purposefully involved themselves with Candid Color or had any idea that it was collecting their biometrics.

7.      Plaintiffs bring this action on behalf of themselves and all others similarly situated (the "Class") to recovery the statutory damages that BIPA authorizes for its violations.

## PARTIES

8.      Plaintiff Spencer Mayhew is, and at all times relevant to this action has been, a resident citizen of Madison County, Illinois.

9.      Plaintiffs X.R. and H.R. are minors who are identified by their initials. X.R. and H.R. are, and at all times relevant to this action have been, resident citizens of St. Clair County, Illinois. Ashley Reichert is the mother of X.R. and H.R. and brings this action as next friend on their behalf.

10.     Defendant Candid Color is an Oklahoma corporation with its principal place of business in Oklahoma. It may be served through the Oklahoma Secretary of State at 421 N.W.

3

13th Street, Suite 210, Oklahoma City, Oklahoma 73103. Candid Color does business as Grad Photo Network (among other trade names).

11.     Defendant TSS is an Oklahoma limited liability company. It may be served through its registered agent, Candid Color, at 1300 Metropolitan Avenue, Oklahoma City, Oklahoma 73108.

12.     Defendant TSS of Salem is, upon information and belief, a voluntary unincorporated association under 735 ILCS 5/2-209.1. TSS of Salem may be served at its office located at 4364 Radio Tower Road, Salem, Illinois 62881, with its agents Saundra and Brian Banning. Upon information and belief, Saundra and Brian Banning are the owners, members, principals, or partners of TSS of Salem and are citizens of Illinois.

## JURISDICTION AND VENUE

13.     This Court has personal jurisdiction over Defendants under 735 ILCS 5/2-209(a)(1) and (7) because Defendants, by themselves or through agents, have transacted business in this State and made or performed contracts or promises substantially connected with this state as described throughout this Complaint.

14.     Venue is proper in this county under 735 ILCS 5/2-101 because the transaction or some part thereof out of which the causes of action alleged in this Complaint arose occurred in St. Clair County, Illinois.

## FACTS COMMON TO ALL COUNTS

### *BIPA Regulates the Use of Illinois Citizens' Biometrics*

15.     In the early 2000s, companies began experimenting with "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c).

4

16.     One such company, Pay By Touch, provided retailers throughout Illinois with fingerprint scanners that were used to collect customers' biometric information and link it to their financial accounts. In 2007, Pay By Touch filed for bankruptcy. The bankruptcy trustee listed the customers' biometric information as an asset and sought to sell it to pay off creditors.

17.     The Illinois legislature was concerned by the prospect of unique biometric identifiers being sold or otherwise distributed without the consent of the Illinois citizens to which they belonged. In 2008, the legislature responded to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information" by enacting BIPA. Illinois House Transcript, 2008 Reg. Sess. No. 276.

18.     BIPA Section 15(a) provides that

[a] private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

19.     Under BIPA Section 15(b), it is unlawful for a private entity to

collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

   (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored;

   (2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used: and

   (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

5

20.     And under BIPA Section 15(c), "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

21.     As described throughout this Complaint, Candid Color violated all three prongs of BIPA Section 15(b) by collecting, storing, and using biometrics without informed written consent. Candid Color also violated BIPA Section 15(a) by failing to provide a publicly-available written policy regarding its schedule and guidelines for retaining and permanently destroying biometrics. Finally, Candid Color violated BIPA Section 15(c) by using biometrics to facilitate the sale of photographs through its online platform.

### Candid Color's Platform Collects Biometrics

22.     Candid Color represents itself as "a leader in event photography products and services, connecting photographers with innovative products and workflow solutions that increase sales, and improve overall efficiency." According to Candid Color, it "ha[s] the tools to help [photographers] effectively market and sell images from events both small and large."

23.     The products and services that Candid Color offers include "a robust, mobile-optimized Ecommerce platform." Candid Color collects an "Ecommerce fee" ranging from 2% to 6% or more on the photos purchased through its "Ecommerce platform."

24.     The features available through Candid Color's "Ecommerce platform" include facial recognition. Candid Color tells potential photographer clients that "[i]ntegrated facial recognition makes finding images easy," and describes its facial recognition feature as follows: "With this ability built into our website your consumers can click on one of their images to see all of their images. By eliminating the need to search for their images customers are more likely to buy."

25.     Candid Color claims that benefits of its facial recognition feature include "ID[ing] more images faster and more accurately," and that "[p]hotographers love to use our facial recognition feature to get more images to consumers FAST."

26.     Candid Color's facial recognition feature is made possible only through the collection of biometrics.

27.     Biometrics as defined under BIPA include "scan[s] of . . . face geometry." 740 ILCS 14/10.

28.     Upon information and belief, Candid Color's facial recognition feature works by scanning photographs for facial images and extracting data representing the unique geometry of each facial image in each photograph (sometimes called a "faceprint").

29.     The image below, taken from a page on Candid Color's website touting the facial recognition feature, illustrates how facial recognition extracts a faceprint, which then can be used to locate other photographs that are likely to contain the same face:



## Facial Recognition

An easier and FASTER way for your customers to view their pictures.

### This is a game changer

Finally, the solution we have been looking for in photography. It will change how you shoot events. You can now shoot events you could not market in the past, including:

- Graduation Processionals
- Graduation Friends and Family
- Buddy Shots
- Large Parties

30.     The illustration, which shows a geometric grid of dots and lines superimposed over a young woman's face, is a visual representation of how a faceprint is extracted from a photograph containing a facial image.

31.     Candid Color therefore facilitates the sale of photographs through its "Ecommerce platform" by collecting the biometrics of the individuals depicted in the photographs uploaded to the platform, even if those individuals never knowingly dealt with Candid Color or even become aware of its existence.

32.     Candid Color also offers a product called PhotoMatch. According to Candid Color, PhotoMatch "can be used to tie images to data, collect data, upload images and transmit orders."

33.     Candid Color promotes a feature of PhotoMatch called "Tap Your Face." Candid Color describes the Tap Your Face feature as follows: "This amazing option allows photographers to quickly identify subjects, collect contact data and deliver links to buy images online in seconds."

34.     Candid Color's description of Tap Your Face suggests that the feature allows the user to tap a facial image in a digital photograph and instantly extract a faceprint. That faceprint is then compared against faceprints extracted from all other photos in the relevant gallery so that the user is shown all photos containing potential matches to the facial image that the user tapped.

35.     Candid Color also promotes its facial recognition product through its owned affiliate, TSS. Candid Color represents TSS to be "[t]he leader in Youth Sports Photography," and provides TSS's order fulfillment through its online "Ecommerce platform." According to TSS's LinkedIn page, it "photograph[s] over 2 million people in 40 states every year."

36.     TSS proclaims that it uses an "industry-leading Facial Recognition technology called Face Finder . . . . This technology helps to get customers to their images faster and creates a gallery of their own images. . . . No need to hunt or scroll through hundreds or thousands of images."

37.     The image below, taken from the TSS website, provides another illustration of how facial recognition technology identifies facial images from which it extracts faceprints:



38.     The image depicts three young children playing soccer. Two of the children have dotted-line rectangular fields enclosing their faces. As described further below, this is a visual representation of how Candid Color's "Ecommerce" platform uses facial recognition technology to extract faceprints and locate photos containing the same or similar facial images.

***Candid Color Collected, Used, and Profited from Plaintiffs' Biometrics Without Their Consent***

**Plaintiff Spencer Mayhew**

39.     Plaintiff Spencer Mayhew graduated from Collinsville High School in 2023. He attended the school's graduation ceremony held on May 13, 2023, at Collinsville High School, 2201 S. Morrison Avenue, Collinsville, St. Clair County, Illinois 62234.

40. Candid Color owns the trademark for and does business as Grad Photo Network. Candid Color represents that Grad Photo Network is "the largest network of professional photographers for graduation and commencement ceremonies."

41. During the graduation ceremony, photographers working as part of the Grad Photo Network took photos of Mayhew, and subsequently uploaded them to the Grad Photo Network website (https://www.gradphotonetwork.com/). The Grad Photo Network website states that it is owned by Candid Color.

42. When photos of Mayhew are accessed on the Grad Photo Network website, a dotted-line rectangular field automatically appears around his face—just as in the image shown in paragraph 37, above.

43. Clicking inside the rectangular field that appears around Mayhew's face reloads the webpage and returns other photos depicting Mayhew.

44. This functionality is not limited to Mayhew. One of the photos of Mayhew depicts a school official handing Mayhew his diploma. A dotted-line rectangular field also appears around the school official's face, and clicking within that field reloads the webpage and returns other photos depicting the school official. Many of those photos depict the school official handing a diploma to other students, and the other students likewise appear with a dotted-line rectangular field around their faces. Clicking within the field reloads the webpage and returns other photos depicting those students.

45. This functionality shows—consistent with Candid Color's representations described in paragraphs 24–38, above—that Candid Color's "Ecommerce platform" extracted Mayhew's faceprint and therefore collected his biometrics.

10

46.    After Mayhew's graduation ceremony, his mother received an email with a link to the Grad Photo Network website soliciting her to purchase photos of Mayhew. When the link is accessed, Mayhew's photos appear with the same dotted-line rectangular field and the same functionality as described in paragraph 24–38, above. Mayhew's mother, who is an Illinois resident, purchased photos of Mayhew through the Grad Photo Network website.

47.    Mayhew was never informed (in Illinois or elsewhere) that Candid Color would collect or use his biometrics.

48.    Mayhew was never informed (in Illinois or elsewhere) that Candid Color would profit from the use of his biometrics by using them to locate photographs of him taken at the graduation ceremony and solicit his family to purchase the photographs.

49.    Mayhew never gave Candid Color consent (in Illinois or elsewhere) to collect, use, or profit from his biometrics.

**Plaintiffs X.R. and H.R.**

50.    Plaintiffs X.R. and H.R. participated in Belleville youth sports programs in 2023.

51.    TSS is a franchisor and has several franchisees in Illinois, including TSS of Salem. According to TSS's website for franchising opportunities (https://tssfranchisebusiness.com/), the initial investment for a TSS franchisee "typically range[s] from $40,000 to $60,000." TSS "offers [franchisees] protected territories that are exclusive to each owner" and provides franchisees with "an array of professionally designed materials created to help [franchisees] sign and market leagues and schools." TSS further states that it provides franchisees with "training, . . . access to the TSS turnkey system, photography equipment, [and] computer equipment." TSS also tells prospective franchisees that they can take advantage of TSS's "brand recognition and buying power," that TSS is "backed by one of the nation's largest

professional photography labs [*i.e.*, Candid Color]," and can use TSS's "[f]acial recognition tools for fast image management and higher sales." TSS franchisees are offered use of Candid Color's "Ecommerce platform," and are charged "E-commerce fees" on orders placed through the platform.

52.     On June 10, 2023, photographers working on behalf of TSS of Salem took photos of H.R. at Laderman Park, 1105 Mascoutah Avenue, Belleville, St. Clair County, Illinois 62220. On June 24, 2023, photographers working on behalf of TSS of Salem took photos of X.R. at the same location.

53.     The photos of X.R. and H.R. subsequently were uploaded by TSS of Salem to the TSS photo-ordering website (https://orders.tssphotography.com/). The TSS photo-ordering website states that it is owned by Candid Color.

54.     Upon information and belief, and consistent with Candid Color's representations described in paragraphs 24–38, the Candid Color "Ecommerce platform" used by TSS and TSS of Salem extracted X.R. and H.R.'s faceprints and therefore collected their biometrics.

55.     After the photos of X.R. and H.R. were taken, TSS and TSS of Salem solicited Ashley Reichert via email to purchase the photos of X.R. and H.R from the TSS photo-ordering website.

56.     Ashley Reichert, as X.R.'s and H.R.'s mother and legal representative, was never informed (in Illinois or elsewhere) that Defendants would collect or use X.R.'s or H.R.'s biometrics.

57.     Ashley Reichert, as X.R.'s and H.R.'s mother and legal representative, was never informed (in Illinois or elsewhere) that Defendants would seek to profit from the use of their biometrics by using them to solicit the purchase of the photographs.

58.     Ashley Reichert, as X.R.'s and H.R.'s mother and legal representative, never gave Defendants consent (in Illinois or elsewhere) to collect, use, or profit from their biometrics.

***Candid Color Has Collected, Used, and Profited from the Biometrics of Countless Other Illinois Citizens***

59.     The two Candid Color-owned websites discussed above (https://www.gradphotonetwork.com/ and https://orders.tssphotography.com/) host far more photos than just those of Mayhew, X.R., and H.R. They also host photos of other participants in the Collinsville High School graduation ceremony and Belleville youth sports programs. Upon information and belief, those Candid Color-owned websites host photos of hundreds of other participants in other Illinois school graduation ceremonies and youth sports programs.

60.     Upon information and belief, the individuals depicted in the photographs taken at those Illinois-located events include a significant number of Illinois citizens.

61.     Upon information and belief, Defendants have collected the biometrics (in the form of data representing the unique geometry of facial images) of hundreds of other individuals whose facial images are contained in photographs uploaded to the Grad Photo Network website and the TSS photo-ordering website.

62.     Upon information and belief, Defendants do not make available to the public a written policy establishing a retention schedule and guidelines for permanently destroying the biometrics in their possession. Indeed, Candid Color represents that it stores images uploaded to its "Ecommerce platform" for "15+ years." Given the functionality described in paragraphs 24–38, above, it can reasonably be inferred that biometrics in Defendants' possession are stored for the same length of time to maintain that functionality.

63.     Upon information and belief, Candid Color collects, uses, and profits from those individuals' biometrics in the same manner as it has done with Plaintiffs' biometrics.

13

64.     Upon information and belief, Candid Color and TSS have derived revenue or profits from the sale of photographs of Illinois citizens taken at Illinois-located events and benefit from their purposeful, intentional commercial relationship with photographers who are based in Illinois or take photos at events held in Illinois, including Grad Photo Network photographer(s) who photographed Mayhew and TSS of Salem.

65.     Upon information and belief, Defendants' collection, storage, use, and profit from those biometrics all have been done without the subject individuals' informed written consent.

***Candid Color's Collection and Use of Biometrics Violates BIPA***

66.     Defendants' practices of collecting, storing, using, and profiting from Illinois' citizens biometrics violates BIPA Sections 15(a), (b)(1)–(3), and (c).

67.     **BIPA Section 15(a).** Defendants possess biometrics, but do not make available to the public a written policy that establishes a retention schedule and guidelines ensuring that the biometrics it collects are destroyed when the initial purpose for collecting them has been satisfied or within three years of the individual's last interaction with Defendants, whichever comes first, and do not comply with those requirements. Defendants therefore violate BIPA Section 15(a).

68.     **BIPA Section 15(b)(1).** Defendants collect, capture, or otherwise obtains biometrics without first informing the subject (or the subject's legally authorized representative) in writing that biometrics are being collected or stored. Defendants therefore violate BIPA Section 15(b)(1).

69.     **BIPA Section 15(b)(2).** Defendants collect, capture, or otherwise obtain biometrics without first informing the subject (or the subject's legally authorized representative) in writing of the specific purpose and length of term for which the biometrics are being collected, stored, or used. Defendants therefore violate BIPA Section 15(b)(2).

70.     **BIPA Section 15(b)(3).** Defendants collect, capture, or otherwise obtain

biometrics without first receiving from the subject (or the subject's legally authorized

representative) an executed written release. Defendants therefore violate BIPA Section 15(b)(3).

71.     **BIPA Section 15(c).** Defendants profit from the biometrics that they possess by

using them to facilitate the sale of photographs through their websites. Defendants therefore

violate BIPA Section 15(b)(3).

## CLASS ALLEGATIONS

72.     This action is brought under 735 ILCS 5/2-801 by the named Plaintiffs on their

own behalf and on behalf of a proposed Class of all other persons similarly situated, defined as

follows:

> All residents of the State of Illinois whose biometric information or biometric
> identifiers were collected, captured, purchased, received through trade, or
> otherwise obtained by, or profited from by Defendants while residing in Illinois.

73.     The Class is so numerous that the individual joinder of all members is

impracticable. While the exact number of Class members presently is unknown to Plaintiffs, it is

ascertainable by appropriate discovery or is known or available to Defendants. Upon information

and belief, the class includes thousands of members.

74.     Common questions of law or fact arising from Defendants' conduct exist as to all

members of the Class. These common questions include, without limitation:

> a.     Whether Defendants captured, collected, stored or used the biometrics of
> Plaintiffs or the Class members.
>
> b.     Whether Defendants informed Plaintiffs or the Class members in writing
> that their biometrics were being captured, collected, stored, or used.
>
> c.     Whether Defendants informed in writing Plaintiffs or the Class members
> of the specific purpose and length of term for which their biometrics were
> being captured, collected, stored, or used.

d.      Whether Defendants received from Plaintiffs, the Class members, or their legally authorized representative an executed written release before Defendants captured, collected, stored, or used their biometrics.

e.      Whether Defendants developed and made available to the public a written policy establishing a retention schedule and guidelines for permanently destroying biometrics at the earlier of the time when the initial purpose for collecting or obtaining the biometrics was satisfied or within three years of an individual's last interaction with Defendants.

f.      Whether Defendants profited from Plaintiffs' or the Class members' biometrics by using them to facilitate the sale of photographs through the their online platforms.

75.    Class treatment provides a fair and efficient method for the adjudication of the controversy described in this Complaint because the controversy affects a large number of persons. Class treatment therefore provides an appropriate and effective method for Plaintiffs and Class members to assert their claims in a manner that can fairly be managed without unnecessary expense or duplication. The expense and burden of individual litigating the claims of each Class member is impracticable and would waste judicial resources.

76.    Furthermore, class treatment allows litigation of claims that, given the expenses of litigation, likely would be insufficient in monetary value to support separate actions. Class treatment allows litigation to be conducted in a single forum, which aids judicial economy and efficiency, promotes parity among the claims of individual Class members, and results in judicial consistency.

77.    In contrast, the prosecution of separate actions by individual members of the Class would create a risk of:

a.      inconsistent or varying adjudications with respect to individual members of the Class; and

b.      adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

78.     Plaintiffs will fairly and adequately protect the interests of the Class that they represent. Plaintiffs' interests as the Class representatives are consistent with those of the Class members.

79.     Plaintiffs are represented by counsel experienced in class action and other complex litigation.

80.     Plaintiffs and their counsel envision no difficulties in managing this case as a class action.

**COUNT I – VIOLATION OF BIPA SECTION 15(a)**
**740 ILCS 14/15(a)**
**Failure to Develop or Comply with Retention Policy**
**(By Plaintiffs and the Class Against Candid Color)**

81.     Plaintiffs incorporate all preceding allegations as if fully set forth herein.

82.     BIPA Section 15(a) requires private entities in possession of biometrics to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

83.     Candid Color is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that Candid Color is an Oklahoma corporation and neither is nor includes a State or local government agency.

84.     Candid Color possesses the biometrics of Plaintiffs and the Class members as described throughout this Complaint.

85.     Candid Color never has developed a publicly-available written policy that complies with the requirements of BIPA Section 15(a) and does not abide by such a policy.

17

86.     Candid Color's possession of Plaintiffs' and the Class members' biometrics without developing or complying with a publicly-available written policy consistent with the requirements of BIPA Section 15(a) violates BIPA Section 15(a).

87.     Plaintiffs and the Class members are aggrieved by Candid Color's possession of their biometrics without developing or complying with a publicly-available written policy consistent with the requirements of BIPA Section 15(a).

88.     As a direct result of Candid Color's violations of BIPA Section 15(a), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**COUNT II – VIOLATION OF BIPA SECTION 15(b)(1)**
**740 ILCS 14/15(b)(1)**
**Failure to Inform of Collection or Storage**
**(By Plaintiffs and the Class Against Candid Color)**

89.     Plaintiffs incorporate all preceding allegations as if fully set forth herein.

90.     BIPA Section 15(b)(1) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored." 740 ILCS 14/15(b)(1).

91.     Candid Color is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that Candid Color is an Oklahoma corporation and neither is nor includes a State or local government agency.

92.     Candid Color collected or otherwise obtained the biometrics of Plaintiffs and the Class members as described throughout this Complaint.

18

93.     Candid Color collected the biometrics of Plaintiffs and the Class members without first informing in writing Plaintiffs or the Class members (or their legally authorized representatives) that their biometrics were being collected or stored.

94.     Candid Color's collection and storage of Plaintiffs' and the Class members' biometrics without first informing them (or their legally authorized representatives) in writing violates BIPA Section 15(b)(1).

95.     Plaintiffs and the Class members are aggrieved by Candid Color's collection and storage of their biometrics without having first informed them (or their legally authorized representatives) in writing as required under BIPA Section 15(b)(1).

96.     As a direct result of Candid Color's violations of BIPA Section 15(b)(1), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**COUNT III – VIOLATION OF BIPA SECTION 15(b)(2)**
**740 ILCS 14/15(b)(2)**
**Failure to Inform of Purpose and Length of Term**
**(By Plaintiffs and the Class Against Candid Color)**

97.     Plaintiffs incorporate all preceding allegations as if fully set forth herein.

98.     BIPA Section 15(b)(2) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2).

99.    Candid Color is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that Candid Color is an Oklahoma corporation and neither is nor includes a State or local government agency.

100.    Candid Color collected and used the biometrics of Plaintiffs and the Class members as described throughout this Complaint.

101.    Candid Color collected and used the biometrics of Plaintiffs and the Class members without first informing in writing Plaintiffs or the Class members (or their legally authorized representatives) of the specific purpose and length of term for which their biometrics were being collected or used.

102.    Candid Color's collection and use of Plaintiffs' and the Class members' biometrics without first informing them (or their legally authorized representatives) in writing of the specific purpose and length of term for which their biometrics were being collected or used violates BIPA Section 15(b)(2).

103.    Plaintiffs and the Class members are aggrieved by Candid Color's collection and use of their biometrics without having first informed them (or their legally authorized representatives) in writing of the specific purpose and length of term for which their biometrics were being collected or used as required under BIPA Section 15(b)(2).

104.    As a direct result of Candid Color's violations of BIPA Section 15(b)(2), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**COUNT IV – VIOLATION OF BIPA SECTION 15(b)(3)**
**740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(By Plaintiffs and the Class Against Candid Color)**

105.    Plaintiffs incorporate all preceding allegations as if fully set forth herein.

106.    BIPA Section 15(b)(3) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." 740 ILCS 14/15(b)(3).

107.    Candid Color is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that Candid Color is an Oklahoma corporation and neither is nor includes a State or local government agency.

108.    Candid Color collected or otherwise obtained the biometrics of Plaintiffs and the Class members as described throughout this Complaint.

109.    Candid Color collected the biometrics of Plaintiffs and the Class members without first having obtained a written release executed by them or their authorized legal representative.

110.    Candid Color's collection of Plaintiffs' and the Class members' biometrics without first having obtained an executed written release violates BIPA Section 15(b)(3).

111.    Plaintiffs and the Class members are aggrieved by Candid Color's collection of their biometrics without first having obtained an executed written release as required under BIPA Section 15(b)(3).

112.    As a direct result of Candid Color's violations of BIPA Section 15(b)(3), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

## COUNT V – VIOLATION OF BIPA SECTION 15(c)
### 740 ILCS 14/15(c)
### Profiting from Biometrics
### (By Plaintiffs and the Class Against Candid Color)

113.    Plaintiffs incorporate all preceding allegations as if fully set forth herein.

114.    BIPA Section 15(c) makes it unlawful for any private entity to "sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information.740 ILCS 14/15(c).

115.    Candid Color is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that Candid Color is an Oklahoma corporation and neither is nor includes a State or local government agency.

116.    Candid Color possesses the biometrics of Plaintiffs and the Class members as described throughout this Complaint.

117.    Candid Color profits from the biometrics of Plaintiffs and the Class members by using them to facilitate the sale of photographs through its "Ecommerce platform."

118.    Candid Color's practice of profiting from Plaintiffs' and the Class members' biometrics violates BIPA Section 15(c).

119.    Plaintiffs and the Class members are aggrieved by Candid Color's practice of profiting from their biometrics in violation of BIPA Section 15(c).

120.    As a direct result of Candid Color's violations of BIPA Section 15(c), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

## COUNT VI – VIOLATION OF BIPA SECTION 15(a)
### 740 ILCS 14/15(a)
### Failure to Develop or Comply with Retention Policy
### (By Minor Plaintiffs and the Class Against TSS and TSS of Salem (the "TSS Defendants"))

121.    Minor Plaintiffs incorporate all preceding allegations as if fully set forth herein.

122.    BIPA Section 15(a) requires private entities in possession of biometrics to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

123.    The TSS Defendants are "private entit[ies]" as defined in BIPA Section 10 [740 ILCS 14/10] in that TSS is an Oklahoma limited liability company, TSS of Salem is a voluntary unincorporated association, and neither is nor includes a State or local government agency.

124.    The TSS Defendants possess the biometrics of Minor Plaintiffs and the Class members as described throughout this Complaint.

125.    The TSS Defendants never have developed a publicly-available written policy that complies with the requirements of BIPA Section 15(a) and do not abide by such a policy.

126.    The TSS Defendants' possession of Minor Plaintiffs' and the Class members' biometrics without developing or complying with a publicly-available written policy consistent with the requirements of BIPA Section 15(a) violates BIPA Section 15(a).

127.    Minor Plaintiffs and the Class members are aggrieved by the TSS Defendants' possession of their biometrics without developing or complying with a publicly-available written policy consistent with the requirements of BIPA Section 15(a).

128.    As a direct result of the TSS Defendants' violations of BIPA Section 15(a), Minor

Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section

20 [740 ILCS 14/20].

**COUNT VII – VIOLATION OF BIPA SECTION 15(b)(1)**
**740 ILCS 14/15(b)(1)**
**Failure to Inform of Collection or Storage**
**(By Minor Plaintiffs and the Class Against TSS and TSS of Salem (the "TSS Defendants"))**

129.    Minor Plaintiffs incorporate all preceding allegations as if fully set forth herein.

130.    BIPA Section 15(b)(1) makes it unlawful for any private entity to "collect,

capture, purchase, receive through trade, or otherwise obtain a person's or a customer's

biometric identifiers or biometric information, unless it first: (1) informs the subject or the

subject's legally authorized representative in writing that a biometric identifier or biometric

information is being collected or stored." 740 ILCS 14/15(b)(1).

131.    The TSS Defendants are "private entit[ies]" as defined in BIPA Section 10 [740

ILCS 14/10] in that TSS is an Oklahoma limited liability company, TSS of Salem is a voluntary

unincorporated association, and neither is nor includes a State or local government agency.

132.    The TSS Defendants collected or otherwise obtained the biometrics of Minor

Plaintiffs and the Class members as described throughout this Complaint.

133.    The TSS Defendants collected the biometrics of Minor Plaintiffs and the Class

members without first informing in writing Minor Plaintiffs or the Class members (or their

legally authorized representatives) that their biometrics were being collected or stored.

134.    The TSS Defendants' collection and storage of Minor Plaintiffs' and the Class

members' biometrics without first informing them (or their legally authorized representatives) in

writing violates BIPA Section 15(b)(1).

135.    Minor Plaintiffs and the Class members are aggrieved by the TSS Defendants' collection and storage of their biometrics without having first informed them (or their legally authorized representatives) in writing as required under BIPA Section 15(b)(1).

136.    As a direct result of TSS's violations of BIPA Section 15(b)(1), Minor Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

### COUNT VIII – VIOLATION OF BIPA SECTION 15(b)(2)
### 740 ILCS 14/15(b)(2)
### Failure to Inform of Purpose and Length of Term
### (By Plaintiffs and the Class Against TSS and TSS of Salem (the "TSS Defendants"))

137.    Minor Plaintiffs incorporate all preceding allegations as if fully set forth herein.

138.    BIPA Section 15(b)(2) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2).

139.    The TSS Defendants are "private entit[ies]" as defined in BIPA Section 10 [740 ILCS 14/10] in that TSS is an Oklahoma limited liability company, TSS of Salem is a voluntary unincorporated association, and neither is nor includes a State or local government agency.

140.    The TSS Defendants collected and used the biometrics of Minor Plaintiffs and the Class members as described throughout this Complaint.

141.    The TSS Defendants collected and used the biometrics of Minor Plaintiffs and the Class members without first informing in writing Minor Plaintiffs or the Class members (or their

legally authorized representatives) of the specific purpose and length of term for which their biometrics were being collected or used.

142.    The TSS Defendants' collection and use of Minor Plaintiffs' and the Class members' biometrics without first informing them (or their legally authorized representatives) in writing of the specific purpose and length of term for which their biometrics were being collected or used violates BIPA Section 15(b)(2).

143.    Minor Plaintiffs and the Class members are aggrieved by the TSS Defendants' collection and use of their biometrics without having first informed them (or their legally authorized representatives) in writing of the specific purpose and length of term for which their biometrics were being collected or used as required under BIPA Section 15(b)(2).

144.    As a direct result of the TSS Defendants' violations of BIPA Section 15(b)(2), Minor Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**COUNT IX – VIOLATION OF BIPA SECTION 15(b)(3)**
**740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(By Minor Plaintiffs and the Class Against TSS)**

145.    Minor Plaintiffs incorporate all preceding allegations as if fully set forth herein.

146.    BIPA Section 15(b)(3) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." 740 ILCS 14/15(b)(3).

147.    The TSS Defendants are "private entit[ies]" as defined in BIPA Section 10 [740 ILCS 14/10] in that TSS is an Oklahoma limited liability company, TSS of Salem is a voluntary unincorporated association, and neither is nor includes a State or local government agency.

148.    The TSS Defendants collected or otherwise obtained the biometrics of Minor Plaintiffs and the Class members as described throughout this Complaint.

149.    The TSS Defendants collected the biometrics of Minor Plaintiffs and the Class members without first having obtained a written release executed by them or their authorized legal representative.

150.    The TSS Defendants collection of Minor Plaintiffs' and the Class members' biometrics without first having obtained an executed written release violates BIPA Section 15(b)(3).

151.    Minor Plaintiffs and the Class members are aggrieved by the TSS Defendants' collection of their biometrics without first having obtained an executed written release as required under BIPA Section 15(b)(3).

152.    As a direct result of the TSS Defendants' violations of BIPA Section 15(b)(3), Minor Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

### COUNT X – VIOLATION OF BIPA SECTION 15(c)
### 740 ILCS 14/15(c)
### Profiting from Biometrics
### (By Minor Plaintiffs and the Class Against TSS)

153.    Minor Plaintiffs incorporate all preceding allegations as if fully set forth herein.

154.    BIPA Section 15(c) makes it unlawful for any private entity to "sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information.740 ILCS 14/15(c).

155.    The TSS Defendants are "private entit[ies]" as defined in BIPA Section 10 [740 ILCS 14/10] in that TSS is an Oklahoma limited liability company, TSS of Salem is a voluntary unincorporated association, and neither is nor includes a State or local government agency.

156.    The TSS Defendants possess the biometrics of Minor Plaintiffs and the Class members as described throughout this Complaint.

157.    The TSS Defendants profit from the biometrics of Minor Plaintiffs and the Class members by using them to facilitate the sale of photographs through the TSS photo-ordering website.

158.    The TSS Defendants' practice of profiting from Minor Plaintiffs' and the Class members' biometrics violates BIPA Section 15(c).

159.    Minor Plaintiffs and the Class members are aggrieved by the TSS Defendants' practice of profiting from their biometrics in violation of BIPA Section 15(c).

160.    As a direct result of the TSS Defendants' violations of BIPA Section 15(c), Minor Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

## PRAYER FOR RELIEF

Plaintiffs, individually and on behalf of the proposed Class, respectfully requests the following relief with respect to each and every count alleged above:

A.    certification of this action as a class action under 735 ILCS 5/2-801 *et seq.* and appointment of the undersigned as class counsel;

B.    a declaration that Defendants' conduct described throughout this Complaint violates BIPA Sections 15(a), (b)(1)–(3), and (c);

28

C.      injunctive and equitable relief as is necessary to protect Plaintiffs and the proposed Class from Defendants' ongoing violations of BIPA Sections 15(a), (b)(1)–(3), and (c);

D.      statutory damages in the amount of $5,000.00 for each and every intentional or reckless violation of BIPA, as allowed under BIPA Section 20(2), and statutory damages in the amount of $1,000.00 for each and every negligent violation of BIPA, as allowed under BIPA Section 20(1);

E.      their reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, as allowed under BIPA Section 20(3) or other applicable law;

F.      such other relief as the Court deems just and appropriate.


Dated: July 18, 2023                                    Respectfully Submitted,

                                                        **THE DRISCOLL FIRM, P.C.**

                                        By:      */s/ John J. Driscoll*
                                                 John J. Driscoll, #6276464
                                                 1311 Avenida Juan Ponce de Leon, 6th Floor
                                                 San Juan, Puerto Rico 00907
                                                 Phone: (314) 222-2605
                                                 Fax: (314) 932-3233
                                                 john@jjlegal.com

                                                 **THE DRISCOLL FIRM, P.C.**
                                                 Matthew J. Limoli, #6328051
                                                 301 Fayetteville Street, Ste. 1825
                                                 Raleigh, North Carolina 27601
                                                 Phone: (919) 582-6516
                                                 Fax: (314) 932-3233
                                                 matthew@thedriscollfirm.com

                                                 *Attorneys for Plaintiffs*