# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SPENCER MAYHEW and ROSALIE NOREN, individually and on behalf of all others similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CANDID COLOR SYSTEMS, INC., an Oklahoma corporation, and )<br>KABANCE PHOTO SERVICES, INC., a voluntary unincorporated association based in Missouri, )<br>)<br>Defendants. ) | 3:23-cv-02964-DWD<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT KABANCE PHOTO SERVICES, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6) AND MEMORANDUM OF LAW IN SUPPORT[1]

Jennifer L. Maloney, #6282750
**Baker Sterchi Cowden & Rice LLC**
100 North Broadway, 21st Floor
St. Louis, Missouri 63102
(314) 345-5000
(314) 345-5055 (FAX)
jmaloney@bakersterchi.com

Laura K. Beasley, #6274537
Emily C. O'Connor, # 6317285
**Baker Sterchi Cowden & Rice LLC**
23 Public Square, Suite 400
Belleville, IL 62220
(618) 202-5800
(618) 202-2678 (FAX)
lbeasley@bakersterchi.com
emily.oconnor@bakersterchi.com

*Attorneys for Defendant Kabance Photo Services, Inc.*

---

[1] Pursuant to S.D. Ill. Local Rule 7.1(b)(1), a motion to dismiss and supporting brief may be combined into a single submission.

## INTRODUCTION

Plaintiffs Spencer Mayhew and Rosalie Noren (hereinafter also collectively referred to as "Plaintiffs") filed their First Amended Class Action Complaint ("Complaint"), alleging violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") against Candid Color Systems, Inc. ("CCS") and Kabance Photo Services, Inc. ("Kabance"). *See generally* First Amended Class Action Complaint, Doc. No. 21.[2] The Complaint alleges CCS "provides an online platform for the marketing and sale of photos taken at school graduation ceremonies and youth sporting events (among other types of events)." [Doc. No. 21, ¶4]. Kabance is a photography company based in St. Louis, Missouri, which allegedly "has used Candid Color's platform—and its integrated facial recognition—to market and sell photos, including those of Plaintiffs Spencer Mayhew, Rosalie Noren, and others." *Id*. ¶¶ 5, 11, 33.

Plaintiffs allege that photographers working on behalf of Kabance, as part of CCS' "Grad Photo Network," photographed Mr. Mayhew during his high school graduation ceremony and photographed Ms. Noren during her college graduation ceremony, that Kabance subsequently uploaded the photographs to CCS's "Grad Photo Network website," that Plaintiffs' "biometric identifiers" and/or "biometric information" (individually and collectively, "biometric data") were extracted from the photos using CCS's "facial recognition technology," and that Plaintiffs were not informed of and did not consent to the collection of Plaintiffs' purported biometric data. *Id*. ¶¶ 8-9, 21-52. Plaintiffs allege that "Defendants' practice of collecting, storing, using, and profiting from Illinois' citizens biometrics" violates sections 15(a), (b)(1)-(3), and (c) of the BIPA. *Id.* ¶ 63.

---

[2] As required on a Rule 12(b)(6) motion, this Motion to Dismiss accepts the Complaint's well-pleaded factual allegations as true but not its legal or factual conclusions. *Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 825 (7th Cir. 2018). Kabance does not admit or adopt any allegation by repeating it here.

The Court should dismiss Plaintiffs' Complaint for the following reasons:

First, Plaintiffs have failed to plead sufficient facts to support their claims against Kabance for alleged violations of BIPA Sections 15(a)-(c), and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs' Complaint merely recites various sections of the statute and alleges that "Defendants" generally (not even Kabance specifically) failed to comply with those provisions. The conclusory allegations are not supported by any allegations of specific facts sufficient to demonstrate Kabance's alleged negligence. Such allegations are insufficient under both BIPA and the Federal Rules of Civil Procedure. Accordingly, Plaintiffs' Complaint should be dismissed with prejudice.

Further, even if the Complaint contained factual allegations sufficient to state claims against Kabance for violations of BIPA, which it does not, Plaintiffs' claims are barred under BIPA's "government contractor" exception set forth in Section 25(e) of the statute. Plaintiffs' Complaint, read in conjunction with documents incorporated into CCS's Motion to Dismiss [Doc. No. 28] of which the Court can take judicial notice, establish that the relevant photographs were taken in connection with Kabance's agreement with Collinsville Community Unit School District 10 to provide photography services at the May 13, 2023 Collinsville High School graduation ceremony and Kabance's agreement with Blackburn College to provide photography services at the May 15, 2021 Blackburn College graduation ceremony.  Kabance uploaded Plaintiffs' photographs to the Grad Photo Network website, making them available for viewing and sale online (as required under the respective agreements). Thus, Kabance functioned as a "government contractor" under Section 25(e).

**BACKGROUND**

Plaintiffs allege CCS "provides an online platform for the marketing and sale of photos taken at school graduation ceremonies and youth sporting events (among other types of events)." [Doc. No. 21, ¶ 4]. Plaintiffs further allege the features available through CCS's "Ecommerce platform" include facial recognition. *Id.* ¶ 23. The facial recognition software "can identify facial images in a particular photograph and locate potentially-matching facial images among other photographs in a gallery." *Id*. ¶ 5. According to Plaintiffs, "[t]his can be done only by extracting from each photo data representing the unique geometry of each facial image so that comparison can be made" and "is made possible only through the collection of biometrics." *Id*. ¶ 5, 25.

The Complaint further alleges CCS owns the trademark for "Grad Photo Network," and owns and actively maintains a website for the Grad Photo Network. *Id*. ¶ 31. The website is part of CCS's "Ecommerce platform[3]." *Id*. ¶ 32.

Kabance is a photography business which, according to Plaintiffs, has used CCS's online platform—and its integrated facial recognition—to market and sell photos, including those of Plaintiffs and others. *Id*. ¶ 5. Kabance is part of CCS's Grad Photo Network and the photos it takes as part of the Grad Photo Network are made available for sale on the Grad Photo Network website. *Id*. ¶ 33.

Plaintiff Mayhew claims that "photographers working on behalf of Kabance, as part of the Grad Photo Network" photographed him during his graduation from Collinsville High School and subsequently uploaded the photos to the Grad Photo Network website. *Id*. ¶¶ 34-35. According to Mr. Mayhew, when viewing the photos on the Grad Photo Network website, a "dotted-line rectangular field automatically appears around [his] face." *Id.* ¶ 36. Mr. Mayhew

---

[3] CCS's Ecommerce Platform is discussed in detail in Defendant CCS's Motion to Dismiss [Doc. No. 28] and in the Declaration of Demetri Barges (attached as Exhibit A thereto).

alleges that the appearance of this "rectangular field" around his face indicates that CCS's Ecommerce platform "extracted [his] faceprint and . . . therefore collected his biometrics." *Id.* ¶ 39. Following the graduation ceremony, the Complaint alleges Mr. Mayhew's mother received an email with a link to the Grad Photo Network website soliciting her to purchase photos of Mr. Mayhew, which was sent by "Kabance Photo Services, Inc." from the email address "YourPhotos@kylekabance.picsemail.com." *Id.* ¶ 40-41. The picsemail.com web address redirects to Candid Color's website (https://www.candid.com/), and therefore, upon information and belief, Plaintiffs conclude is owned by Candid Color. *Id*. ¶ 41. Mr. Mayhew's mother allegedly purchased photos of Mr. Mayhew through the Grad Photo Network website and received a confirmation email for her purchase from "Kabance Photo Services, Inc." from the email address "YourPhotos@kylekabance.picsemail.com." *Id*. ¶ 43.

Plaintiff Noren similarly claims that "photographers working on behalf of Kabance, as part of the Grad Photo Network" photographed her during her graduation from Blackburn College and subsequently uploaded the photos to the Grad Photo Network website. *Id.* ¶¶ 47-48. Like Mr. Mayhew, Ms. Noren alleges that the photos on the Grad Photo Network website depict a "dotted-line rectangular field . . . around [her] face," allegedly indicating that the Ecommerce platform "extracted [her] faceprint" and "therefore collected [her] biometrics." *Id.* ¶¶ 49, 52. Ms. Noren then alleges she believes she received emails similar to those received by Mr. Mayhew's mother after the graduation ceremony "soliciting her to purchase photos." *Id*. ¶ 53.

Although Plaintiffs allege CCS and Kabance provide distinct products and services, their Complaint refers to "Defendants" without specifying what purported unlawful conduct is attributed to Kabance itself. First, Plaintiffs allege "upon information and belief" that "Defendants have collected the biometrics (in the form of data representing the unique geometry

5

of facial images) of hundreds of other individuals whose facial images are contained in photographs uploaded to the Grad Photo Network website in the same manner as described above with respect to the photos of Mayhew and Noren." *Id*. ¶ 56. Second, Plaintiffs allege "upon information and belief" that "Defendants do not make available to the public a written policy establishing a retention schedule and guidelines for permanently destroying the biometrics in their possession." *Id*. ¶57. Third, Plaintiffs allege "upon information and belief" that "Defendants' collection, storage, use, and profit from the biometrics of Illinois residents all have been done without the informed written consent of the subject individuals (or their legal representatives)." *Id*. ¶ 60. Based on these allegations, Plaintiffs summarily conclude that "Defendants" violated Sections 15(a), 15(b), and 15(c) of BIPA by: (1) possessing biometrics but failing to publish and comply with a public retention schedule regarding the storage of Plaintiffs' biometric data, in alleged violation of BIPA Section 15(a); (2) by collecting, capturing, receiving through trade or otherwise obtaining Plaintiffs' biometrics without providing the requisite notice and obtaining their written consent, in alleged violation of BIPA Section 15(b); and (3) by "profit[ing] from the biometrics of . . . Plaintiffs and the Class members by using [the biometrics] to facilitate the sale of photographs," in alleged violation of BIPA Section 15(c). *Id*. ¶¶ 64-68, 83, 91, 99, 107, 114-15.

## LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain factual allegations demonstrating that the plaintiff is entitled to relief, and those allegations must raise the right to relief above the

speculative level to avoid dismissal under Fed. R. Civ. P. 12(b)(6). *Bell Atl. Corp. v. Twombly*, 590 U.S. 544, 555 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim to relief that is "plausible on its face." *Id*. at 570. A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint cannot withstand a motion to dismiss where the factual allegations are insufficient to plausibly suggest a right to relief. *Id*.

## ARGUMENT

I.   **PLAINTIFFS HAVE FAILED TO ALLEGE ANY FACTS SHOWING THAT KABANCE IS LIABLE UNDER SECTIONS 15(a)-(c) OF BIPA.**

   **a. The Court Should Dismiss The Complaint Because Plaintiffs Engage In Impermissible Group Pleading.**

It is well established that where, as here, "a complaint names more than one defendant, '[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful.' 'Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster under Rule 8 . . ., a claim to relief must include such particulars.'" *Atkins v. Hasan*, No. 15 CV 203, 2015 WL 3862724, at *2 (N.D. Ill. June 22, 2015) (quoting *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)). As this Court has observed, a complaint is "insufficient" where it fails to specify which factual claim is associated with which defendant. *Roberson v. Lawrence*, No. 19-CV-1189-DWD, 2021 WL 6134687, at *2 (S.D. Ill. Dec. 28, 2021) ("[T]he Court will not guess which allegation goes with which John Doe Unit Major, and the defendants are entitled to know which allegations are made against each of them specifically.") (Dugan, J.).

7

The court's dismissal of BIPA claims in *Vaughan v. Biomat USA, Inc.* is instructive. Like Plaintiffs' Complaint in this case, the *Vaughan* complaint engaged in "impermissible group pleading" by "simply lump[ing] Defendants together, alleging that all three of them performed the same actions." *Vaughan*, No. 20-CV-04241, 2022 WL 1266389, at *2 (N.D. Ill. Apr. 28, 2022). Similarly, here Plaintiffs simply lump Kabance and CCS together without identifying either Defendant's allegedly unlawful conduct. [*See, e.g.*, Doc. No. 21, ¶ 39 (failing to allege the role of Kabance or CCS relative to the use of the Ecommerce platform); *id.* ¶¶ 31-44 (impermissibly grouping "Defendants" together regarding the alleged collection of Mr. Mayhew's biometrics through the use of the "Grad Photo Network website").] That does not pass muster under Rule 8(a). See *Gaddis v. DeMattei*, No. 3:21-CV-179-MAB, 2022 WL 672470, at *14 (S.D. Ill. Mar. 7, 2022) ("Simply put, Gaddis is trying to lump together the actions of everyone he feels has wronged him."). Accordingly, because Plaintiffs' Complaint "does not contain basic pieces of information connecting each Defendant to the claims at issue, it must be dismissed." *Vaughan*, 2022 WL 1266389, at *3.

### b. Plaintiffs Allege No Facts Showing That Kabance Collected or Possessed Plaintiffs' Biometric Data.

To show Kabance violated any section of BIPA, Plaintiffs must allege that Kabance collects or possesses biometric identifiers or biometric information, as defined in the statute. Sections 15(a) and 15(c) apply only to private entities "in possession" of biometrics. 740 ILCS 14/15(a), (c). The Illinois Supreme Court has found that "possession," as ordinarily understood, "occurs when a person has or takes control of the subject property or holds the property at his or her disposal." *People v. Ward*, 215 Ill. 2d 317, 325 (2005). Thus, to trigger BIPA's "possession" requirements, a defendant must "take control" of biometric data or "hold" that data "at his or her disposal." *Barnett v. Apple Inc.*, 2022 IL App (1st) 220187, ¶¶ 1, 39-43, 57-58 (affirming trial

8

court's dismissal of BIPA action where plaintiffs failed to allege that Apple collected or possessed their biometrics by asserting only that "Apple designed and owns the software that plaintiffs opted to use").

Section 15(b) applies to entities that take ***affirmative action*** to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information."  740 ILCS 14/15(b); *see, e.g.*, *Stauffer v. Innovative Heights Fairview Heights, LLC*, 2022 WL 3139507, at *4 (S.D. Ill. Aug. 5, 2022) ("To recognize and honor this intentional distinction in the language used by the Illinois legislature in different sections of BIPA ('collection' vs. 'possession'), district courts from within the Seventh Circuit ... have concluded that in order for §15(b) to apply, the defendant must take an *active step* to collect, capture, or otherwise obtain the plaintiff's biometric information.") (emphasis in original).

Here, Plaintiffs do not sufficiently allege that Kabance "controlled" the alleged biometric data or "held that data at its disposal."  The Complaint alleges Kabance took ***photographs*** of Plaintiffs (which are undisputedly ***not*** biometric identifiers or information under BIPA[4]) and uploaded those photographs to CCS's Grad Photo Network Website. [Doc. No. 21, ¶ 25, 48]. Plaintiffs further allege that Kabance "used Candid Color's 'Ecommerce platform'" to recognize Plaintiffs' faces, extract Plaintiffs' faceprint, and compile photos containing Plaintiffs' faces. *Id*. ¶ 39, 52. Plaintiffs repeatedly allege that the photographs (which are not biometric data) were uploaded to a website owned by CCS and are available for viewing and purchase through Kabance's account ***on that website***. Nowhere in the Complaint do Plaintiffs allege ***Kabance*** controls the alleged biometric data obtained by the use of CCS's software or that Kabance holds

---

[4] *See* 740 ILCS 14/10 ("Biometric identifiers do not include . . . photographs. . .").

that data at its disposal.  Plaintiffs specifically allege that the biometrics are stored on the Grad Photo Network website. *Id*. ¶ 57. The Complaint fails to allege ***Kabance*** stores, controls, or holds any biometric data.

Further, Plaintiffs have failed to sufficiently allege Kabance "collected" or "obtained" Plaintiffs' biometric information and thus fail to adequately plead a claim under Section 15(b). More specifically, Plaintiffs allege "CCS's Ecommerce platform" – not Kabance – "extracted [Plaintiffs'] faceprint" and, therefore, "collected [Plaintiffs'] biometrics." *Id.* ¶¶ 39, 49, 52.  The closest the Complaint comes to stating specific allegations against Kabance is by Plaintiffs alleging, in a conclusory fashion, that "Defendants," therefore, collected Plaintiffs' biometrics. *Id*.

    **c.  Plaintiffs Allege No Facts Showing That Kabance Profited From Plaintiffs' Data.**

Plaintiffs' Section 15(c) claim fails for the additional reason that, even taking all the facts in the Complaint as true, Plaintiffs fail to adequately allege that Kabance "profit[ed]" from Plaintiffs' biometric data within the meaning of BIPA. Plaintiffs' Complaint alleges "Defendants profit from the biometrics of Plaintiffs and the Class members by using them to facilitate the sale of photographs through Candid Color's 'Ecommerce platform.'" [Doc. No. 21, ¶ 114]. However, this conclusory "profiting-by-facilitating-sales" theory does not state a valid claim under Section 15(c).

Section 15(c) exclusively "regulates transactions with two components: (1) access to biometric data is shared or given to another; and (2) in return for that access, the entity receives something of value." *Vance v. Microsoft Corp.*, 534 F. Supp. 3d 1301, 1307 (W.D. Wash. 2021). Thus, to adequately allege a Section 15(c) claim against Kabance, Plaintiffs must plead (1) access to Plaintiffs' biometric data is shared or given to another, and (2) in return for that access,

Kabance receives something of value. Plaintiffs allege no such transaction. Plaintiffs' allegations regarding Defendants purportedly using biometric data to increase the sales of ***photographs*** (which are undisputedly not subject to regulation under BIPA) does not entail ***sharing*** biometric data with any entity. As one court explained in rejecting a similar Section 15(c) claim:

> Plaintiffs' complaint is rife with allegations [about] how Amazon built its Rekognition Software [using] Plaintiffs' biometric information. But the Court agrees that nothing in the pleadings indicate[s] that the biometric information is being directly sold to any third party. Rekognition is [allegedly being sold to third parties], but Rekognition in and of itself is a set of algorithms. . . . ***The Court does not find that a set of algorithms created using biometric information, but not containing any biometric information itself falls under section 15(c)***. . . .
>
> *Hogan v. Amazon.com, Inc.*, No 21 CH 02330, Dec. 6, 2022 Mem. Op. and Order at 3-4

(Cir. Ct. Cook Cty., Ill.)(emphasis added)[5]. As Plaintiffs fail to allege any such fact facts to support a claim under Section 15(c), said claim must be dismissed.

As Plaintiffs have not alleged, beyond conclusions based on "information and belief" directed collectively to "Defendants" – not Kabance – that Kabance has taken any action or engaged in any conduct in violation of Sections 15(a)-(c) of BIPA, their Complaint must be dismissed. Conclusory allegations, without more, are not enough to avoid dismissal. *Iqbal*, 556 U.S. at 678, 680; *see id.* at 678–79 ("[Rule 8(a)] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

## II.   PLAINTIFFS' CLAIMS ARE BARRED BY BIPA'S "GOVERNMENT CONTRACTOR" EXCEPTION.

Plaintiffs' claims are barred by BIPA's "government contractor" exception. *See* 740 ILCS 14/25(e) ("Nothing in this Act shall be construed to apply to a contractor, subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government."). The Illinois Appellate Court has stated that "an entity is exempt under

---

[5] *See* Copy of opinion attached to Defendant CCS's Motion to Dismiss [Doc. No. 28] as "Exhibit D."

11

[S]ection 25(e) if it is (1) a contractor (2) of a unit of government and (3) was working for that unit of government at the time it collected or disseminated biometric information." *Enriquez v. Navy Pier, Inc.*, 2022 IL App (1st) 211414-U, ¶ 19, *appeal denied,* 201 N.E.3d 582 (Ill. 2023). Each prong is easily satisfied in this case.

Regarding the first prong, Kabance qualifies as a "contractor" of Collinsville Community Unit School District 10. Per the allegations of the Complaint, Mr. Mayhew's BIPA claims involve photographs taken Kabance during his May 13, 2023 graduation ceremony at Collinsville High School [Doc. No. 21, ¶ 34]. Collinsville High School is a public high school within Collinsville Community Unit School District 10.[6] The Illinois Appellate Court broadly interpreted the term "contractor" in *Enriquez. See Enriquez*, 2022 IL App (1st) 211414-U, ¶ 20 ("[T]he [BIPA] itself does not define 'contractor,' so we must apply its ordinary meaning. Black's Law Dictionary (11th ed. 2019) defines 'contractor' as '1. A party to a contract. 2. More specif., one who contracts to do work for or supply goods to another; esp., a person or company that agrees to do work or provide goods for another company.'"). Here, Collinsville High School and Kabance agreed, in part, that Kabance would be granted the exclusive commercial right to photograph each graduate as they receive their diploma, Kabance would provide photography services at the May 13, 2023 graduation ceremony and Kabance would post proofs online for viewing and ordering. *See* 2023 Commencement Agreement Between Collinsville High School and Kabance (obtained via FOIA request)[7],[8]; *see also* Collinsville Kahoks – Collinsville Community Unit School District 10, *Celebrating the Class of 2021*,

---

[6] *See* Collinsville Kahoks – Collinsville Community Unit School District 10, *Collinsville High School*, https://www.kahoks.org/schools/collinsville-high-school/ (last accessed Oct. 27, 2023).
[7] Declaration of Cate Nash and Declaration Exhibit 2 attached to Defendant CCS's Motion to Dismiss [Doc. No. 28] as "Exhibit B."
[8] The Court can take judicial notice of this publicly available government contract obtained via FOIA request in considering Kabance's Motion to Dismiss. *See* Fed. R. Evid. 201(b).

https://www.kahoks.org/headlines/celebrating-the-class-of-2021/ (last accessed December 13, 2023) ("Pictures will be provided to graduates by Kabance Photo Service courtesy of CHS and Unit #10.").

Regarding the second prong, Collinsville High School is clearly an "agent of a State agency or local unit of government." 740 ILCS 14/25(e); *see, e.g.*, 30 ILCS 805/3(a) ("'Local government' means a municipality, county, township, other unit of local government, **school district**, or community college district.") (emphasis added); *Bd. of Ed. of Dist. No. 88, Cook Cnty. v. Home Real Est. Imp. Corp.*, 38 N.E.2d 17, 20 (Ill. 1941) ("School districts are quasi municipal corporations.").

Regarding the third prong, Kabance worked for Collinsville High School "at the time [it allegedly] collected . . . biometric information." *Enriquez*, 2022 IL App (1st) 211414- U, ¶ 19 (affirming dismissal of BIPA complaint brought against company that contracted with governmental entity that owns Navy Pier in Chicago); *Id.* ¶ 23 ("The phrase 'contractor working for a local unit of government' refers to a contractor in some type of employment or services relationship. . . with that unit of government.'"). As stated above, Mr. Mayhew's BIPA claims involve photographs taken by Kabance during his May 13, 2023 graduation ceremony at Collinsville High School [Doc. No. 21, ¶ 34]. Kabance agreed to photograph Collinsville High School graduates and make them available online for viewing and purchase. [Doc. No. 28, Exhibit B, Ex. 1]. Thus, according to Plaintiffs' allegations, Kabance was working for Collinsville High School at the time Mr. Mayhew's purported "biometric data" was collected, possessed, stored, and/or "profited from." The Court should therefore dismiss Plaintiffs' Complaint with prejudice under Rule 12(b)(6).[9]

---

[9] Ms. Noren's claims also are barred by the "government contractor" exception, despite her photos having been taken during her graduation from Blackburn College, a "private institution." [Doc. No. 21, ¶ 47].

## CONCLUSION

Based on the foregoing, Plaintiffs fail to state a cause of action under BIPA, Defendant Kabance Photo Services, Inc. respectfully requests the Court grant its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint with prejudice. *See Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) ("[D]istrict courts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

Respectfully submitted,

**BAKER STERCHI COWDEN & RICE LLC**

By:   */s/Jennifer L. Maloney*
      Jennifer L. Maloney, #6282750
      100 North Broadway, 21st Floor
      St. Louis, Missouri 63102
      (314) 345-5000
      (314) 345-5055 (FAX)
      jmaloney@bakersterchi.com

      Laura K. Beasley, #6274537
      Emily C. O'Connor, # 6317285
      23 Public Square, Suite 400
      Belleville, IL  62220
      (618) 202-5800
      (618) 202-2678 (FAX)
      lbeasley@bakersterchi.com
      emily.oconnor@bakersterchi.com

      *Attorneys for Defendant*
      *Kabance Photo Services, Inc.*

---

Illinois courts acknowledge that even private entities can constitute local public entities in certain circumstances. *See, e.g.*, *Better Government Ass'n v. Illinois High School Ass'n*, 2017 IL 121124, ¶ 32 (noting private company can be local public entity for purposes of Tort Immunity Act if it is "organized for the purpose of conducting public business" and it "remains subject to 'operational control by a unit of local government'") (citations omitted); *see also Doe v. Blackburn Coll.*, No. 06-3205, 2007 WL 647324, at *1 (C.D. Ill. Feb. 27, 2007) (acknowledging that immunity under Illinois School Code can apply to private institutions, including Blackburn College).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served via the Court's CM/ECF filing system on the 15th day of December 2023, upon all counsel of record.

      /s/ *Jennifer L. Maloney*