**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SPENCER MAYHEW and ROSALIE NOREN, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 3:23-cv-02964-DWD |
| CANDID COLOR SYSTEMS, INC., an Oklahoma corporation, and KABANCE PHOTO SERVICES, INC., a voluntary unincorporated association based in Missouri, | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**<u>DEFENDANT KABANCE PHOTO SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT</u>**

COMES NOW Defendant Kabance Photo Services, Inc. (hereinafter also referred to as "Kabance" or "Defendant"), by and through its undersigned counsel, and states the following for its Answer and Affirmative Defenses to Plaintiffs' First Amended Class Action Complaint ("Complaint"). For ease of reference in this Answer, Kabance uses the section headings included in the Complaint, but also omits images, illustrations and footnotes. In doing so, Kabance does not admit—and specifically denies—the accuracy, completeness, and applicability of any factual content conveyed by such matters; and denies any allegations or inferences of wrongdoing that may be contained therein.

**NATURE OF THE CASE**

1.     This is a class action for damages arising from Defendants' violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et. seq*. ("BIPA"). Defendants have violated BIPA by illegally collecting and using Plaintiffs' biometric identifiers and biometric information ("biometrics") without informed written consent, and are understood to have done the same to countless other similarly situated individuals.

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Kabance denies each and every allegation contained in this paragraph, denies any alleged violation of BIPA, and further states the Complaint fails to state a claim against Kabance.**

2.      The Illinois legislature has recognized that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." *Id.*

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Kabance admits that the statute contains the quoted language.  Kabance denies the remaining allegations contained in this paragraph.**

3.      In response to these concerns, the legislature enacted BIPA, which provides that a private entity may not obtain or possess a person's biometrics unless it: (1) informs that person in writing that biometrics will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometrics are being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometrics; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying the biometrics it collects or stores. Furthermore, BIPA prohibits private entities from profiting in any way from a person's biometrics.

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, admitted that the paragraph purports to summarize certain portions of BIPA but denies that the paragraph accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof.  Kabance denies the remaining allegations contained in this paragraph.**

4.      Candid Color provides an online platform for the marketing and sale of photos taken at school graduation ceremonies and youth sporting events (among other types of events).

**RESPONSE:  The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance.  To the extent that an answer is required, Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

5.     Candid Color's platform use facial recognition technology. In Candid Color's words, its "[i]ntegrated facial recognition makes finding images easy," because "consumers can click on one of their images to see all of their images." In other words, Candid Color's facial recognition software can identify facial images in a particular photograph and locate potentially-matching facial images among other photographs in a gallery. This can be done only by extracting from each photo data representing the unique geometry of each facial image so that comparisons can be made. Kabance is a photography company that has used Candid Color's platform—and its integrated facial recognition—to market and sell photos, including those of Plaintiffs Spencer Mayhew, Rosalie Noren, and others.

**RESPONSE:  Kabance admits that it was a photography company and that its employees have previously used Candid Color's online platform but denies the remaining allegations directed at Kabance as alleged.  The remaining allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance.  To the extent that an answer is required, Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

6.     Under BIPA, "scan[s] of . . . face geometry" are biometrics, 740 ILCS 14/10, so Defendants cannot collect or use them unless BIPA is complied with. Yet, as described further in this First Amended Complaint, Defendants do not comply with BIPA. They have collected, stored, used, and profited from the biometrics of hundreds of Illinois residents, many of whom never purposefully involved themselves with Defendants or had any idea that Defendants were collecting their biometrics.

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Kabance admits that the statute contains the quoted language.  Kabance denies the remaining allegations contained in this paragraph and specifically denies any alleged violation of BIPA.**

7.      Plaintiffs bring this action on behalf of themselves and all others similarly situated (the "Class") to recover the statutory damages that BIPA authorizes for its violations.

**RESPONSE:  Kabance admits that Plaintiffs have filed a complaint against the named defendants, which speaks for itself.  Kabance denies any and all allegations stated against it therein and specifically denies any violation of BIPA.  Kabance further denies Plaintiffs or the putative Class members are entitled to any relief sought.**

## PARTIES

8.      Plaintiff Spencer Mayhew is, and at all times relevant to this action has been, a resident citizen of Madison County, Illinois.

**RESPONSE:  Kabance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.**

9.      Plaintiff Rosalie Noren is, and at all times relevant to this action has been, a resident citizen of Christian County, Illinois.

**RESPONSE:  Kabance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.**

10.      Defendant Candid Color is an Oklahoma corporation with its principal place of business in Oklahoma. It may be served through the Oklahoma Secretary of State at 421 N.W. 13th Street, Suite 210, Oklahoma City, Oklahoma 73103.

**RESPONSE:  Kabance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.**

11.      Defendant Kabance is, upon information and belief, a voluntary unincorporated association under 735 ILCS 5/2-209.1. According to information on file with the Missouri Secretary of State, Kabance was incorporated as a Missouri corporation on January 3, 1995, but was administratively dissolved on August 2, 2001. Although Kabance continues to hold itself out as a corporation and does business in Missouri and Illinois, it does not appear to be registered to do business or incorporated in either of those jurisdictions or elsewhere. Kabance may be served at its principal office located at 5015 Hampton Avenue, St. Louis, Missouri 63019.

**RESPONSE: Kabance admits that it is a Missouri corporation in good standing. Kabance further admits that the corporation, which was incorporated on January 3, 1995, was administratively dissolved by the State of Missouri on August 2, 2001, for failure to file its annual registration report, but that the dissolution was rescinded on January 24, 2024. Further, Kabance admits its principal place of business was formerly located at 5015 Hampton Avenue in St. Louis, Missouri 63019. Kabance denies that it currently does business in any state, as it ceased business operations on July 1, 2024. The remaining allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Kabance denies same.**

## JURISDICTION AND VENUE

12.    This Court has personal jurisdiction over Defendants under 735 ILCS 5/2-209(a)(1) and (7) because Defendants, by themselves or through agents, have transacted business in this State and made or performed contracts or promises substantially connected with this state as described throughout this First Amended Complaint.

**RESPONSE: The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Kabance denies same.**

13.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, as described throughout this First Amended Complaint.

**RESPONSE: The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Kabance denies same.**

## FACTS COMMON TO ALL COUNTS

### *BIPA Regulates the Use of Illinois Citizens' Biometrics*

14.    In the early 2000s, companies began experimenting with "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c).

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, admitted that the paragraph purports to summarize certain portions of BIPA but denies that the paragraph accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof.  Kabance denies the remaining allegations contained in this paragraph.**

15.    One such company, Pay By Touch, provided retailers throughout Illinois with fingerprint scanners that were used to collect customers' biometric information and link it to their financial accounts.  In 2007, Pay By Touch filed for bankruptcy. The bankruptcy trustee listed the customers' biometric information as an asset and sought to sell it to pay off creditors.

**RESPONSE:  The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance.  To the extent that an answer is required, Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

16.    The Illinois legislature was concerned by the prospect of unique biometric identifiers being sold or otherwise distributed without the consent of the Illinois citizens to which they belonged. In 2008, the legislature responded to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information" by enacting BIPA. Illinois House Transcript, 2008 Reg. Sess. No. 276.

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, admitted that the paragraph purports to summarize certain portions of Illinois House Transcript, 2008 Reg. Sess. No. 276, but denies that the paragraph accurately reflects the totality of the text and refers the Court to the transcript for the full contents thereof.  Kabance denies the remaining allegations contained in this paragraph.**

17.    BIPA Section 15(a) provides that

[a] private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric

information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

**RESPONSE: The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Kabance admits that the statute contains the quoted language. Kabance denies the remaining allegations contained in this paragraph.**

18.    Under BIPA Section 15(b), it is unlawful for a private entity to

collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

(1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored;
(2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used: and
(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740CS 14/15(b).

**RESPONSE: The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Kabance admits that the statute contains the quoted language. Kabance denies the remaining allegations contained in this paragraph.**

19.    And under BIPA Section 15(c), "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

**RESPONSE: The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Kabance admits that the statute**

contains the quoted language.  **Kabance denies the remaining allegations contained in this paragraph.**

20.    As described throughout this First Amended Complaint, Defendants violated all three prongs of BIPA Section 15(b) by collecting, storing, and using biometrics without informed written consent. Defendants also violated BIPA Section 15(a) by failing to provide a publicly-available written policy regarding their schedule and guidelines for retaining and permanently destroying biometrics. Finally, Defendants violated BIPA Section 15(c) by using biometrics to facilitate the sale of photographs through the Candid Color online platform.

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Kabance denies the allegations contained in this paragraph and specifically denies any alleged violation of BIPA.**

***Candid Color's Platform Uses Biometrics***

21.    Candid Color represents itself as "a leader in event photography products and services, connecting photographers with innovative products and workflow solutions that increase sales, and improve overall efficiency." According to Candid Color, it "ha[s] the tools to help [photographers] effectively market and sell images from events both small and large."

**RESPONSE:  The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance.  To the extent that an answer is required, Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

22.    The products and services that Candid Color offers include "a robust, mobile-optimized Ecommerce platform." Candid Color collects an "Ecommerce fee" ranging from 2% to 6% or more on the photos purchased through its "Ecommerce platform."

**RESPONSE:  The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance.  To the extent that an answer is required, Kabance admits Candid Color collects a fee associated with the use of Candid Color's platform but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.**

23.    The features available through Candid Color's "Ecommerce platform" include facial recognition. Candid Color tells potential photographer clients that "[i]ntegrated facial recognition makes finding images easy," and describes its facial recognition feature as follows: "With this ability built into our website your consumers can click on one of their images to see all of their images. By eliminating the need to search for their images customers are more likely to buy."

**RESPONSE:  The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance.  To the extent that an answer is required, Kabance admits that facial recognition is an available feature but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.**

24.    Candid Color claims that benefits of its facial recognition feature include "ID[ing] more images faster and more accurately," and that "[p]hotographers love to use our facial recognition feature to get more images to consumers FAST."

**RESPONSE:  The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance.  To the extent that an answer is required, Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

25.    Candid Color's facial recognition feature is made possible only through the collection of biometrics.

**RESPONSE:  The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance.  To the extent that an answer is required, Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

26.    Biometrics as defined under BIPA include "scan[s] of . . . face geometry." 740 ILCS 14/10.

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Kabance admits that the statute**

**contains the quoted language.  Kabance denies the remaining allegations contained in this paragraph.**

27.    Upon information and belief, Candid Color's facial recognition feature works by scanning photographs for facial images and extracting data representing the unique geometry of each facial image in each photograph (sometimes called a "faceprint").

**RESPONSE:  The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance.  To the extent that an answer is required, Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

28.    The image below, taken from a page on Candid Color's website touting the facial recognition feature,1 illustrates how facial recognition extracts a faceprint, which then can be used to locate other photographs that are likely to contain the same face:

**RESPONSE:  The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance.  To the extent that an answer is required, Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

29.    The illustration, which shows a geometric grid of dots and lines superimposed over a young woman's face, is a visual representation of how a faceprint is extracted from a photograph containing a facial image.

**RESPONSE:  The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance.  To the extent that an answer is required, Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

30.    Candid Color therefore facilitates the sale of photographs through its "Ecommerce platform" by collecting the biometrics of the individuals depicted in photographs uploaded to the platform, even if those individuals never knowingly dealt with Candid Color.

**RESPONSE:  The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance.  To the extent that an answer is required, Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

### Kabance is Part of Candid Color's "Grad Photo Network"

31.    Candid Color owns the trademark for and sometimes does business as "Grad Photo Network." Candid Color represents that Grad Photo Network is "the largest network of professional photographers for graduation and commencement ceremonies."

**RESPONSE:  The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance.  To the extent that an answer is required, Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

32.    Candid Color actively maintains a website for its Grad Photo Network at https://www.gradphotonetwork.com/ (the "Grad Photo Network Website"). The Grad Photo Network Website (which states that it is owned by Candid Color) is part of Candid Color's "Ecommerce platform."

**RESPONSE:  The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance.  To the extent that an answer is required, Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

33.    Kabance is a photography company that is part of the Grad Photo Network. Photos that Kabance takes as part of the Grad Photo Network, including those of Plaintiffs, are made available for sale on the Grad Photo Network Website.

**RESPONSE:  Kabance admits it was a photography company and was formerly associated with Candid Color's Grad Photo Network.  Kabance further admits that at certain points in time, photographs that were taken by its employees were available for**

11

purchase on Candid Color's online platform. Kabance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

### *Defendants Collected, Used, and Profited from Plaintiffs' Biometrics Without Their Consent*

#### Plaintiff Spencer Mayhew

34.     Plaintiff Spencer Mayhew graduated from Collinsville High School in 2023. He attended the school's graduation ceremony held on May 13, 2023, at Collinsville High School, 2201 S. Morrison Avenue, Collinsville, St. Clair County, Illinois 62234.

**RESPONSE: Kabance admits that Collinsville High School held a graduation ceremony at the address listed in this paragraph on May 13, 2023. Kabance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.**

35.     During the graduation ceremony, photographers working on behalf of Kabance, as part of the Grad Photo Network, took photos of Mayhew, and subsequently uploaded them to the Grad Photo Network website. The photos of Mayhew can be viewed by accessing the Grad Photo Network Website at https://www.gradphotonetwork.com/QPPlus/SearchNames.aspx?EventID=2244221&_AccountNumber=32298, entering the last name "Mayhew," clicking the "Continue" button, and then clicking the "View Proofs" button next to Mayhew's name.

**RESPONSE: Kabance admits that Collinsville High School held a graduation ceremony at the address listed in this paragraph on May 13, 2023, and that its employees photographed the graduates, uploaded the digital photographs to Candid Color's online platform, which made photographs available for viewing and sale as part of Kabance's agreement with Collinsville High School. Kabance denies any inference that its employees were working "as part of the Grad Photo Network." Kabance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.**

36.    When any individual photo of Mayhew on the Grad Photo Network Website is selected (by clicking on it), a dotted-line rectangular field automatically appears around Mayhew's face.

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

37.    Clicking inside the rectangular field that appears around Mayhew's face reloads the webpage and returns other photos depicting Mayhew. The address of the webpage that is returned(https://www.gradphotonetwork.com/QPPlus/Proofs.aspx?EventID=2244221& AccountNumber=32298&FaceId=1162829) includes, at the end, a "FaceId" that is unique to Mayhew.

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

38.    This functionality is not limited to Mayhew. One of the photos of Mayhew depicts a school official handing Mayhew his diploma. A dotted-line rectangular field also appears around the school official's face, and clicking within that field reloads the webpage and returns other photos depicting the school official. Many of those photos depict the school official handing a diploma to other students, and the other students likewise appear with a dotted-line rectangular field around their faces. Clicking within the field around any student's face reloads the webpage and returns other photos depicting that student. With respect to both the school official and the other students, the webpage address that is returned after clicking on a person's face includes at the end a "FaceID" that is unique to that person.

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

39.    This functionality shows—consistent with Candid Color's representations described in paragraphs 21 through 24 and 28 through 29, above—that Kabance used Candid Color's "Ecommerce platform" to recognize Mayhew's face, extract Mayhew's faceprint, and compile photos containing Mayhew's face. Defendants therefore collected Mayhew's biometrics.

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Kabance denies the allegations contained in this paragraph and specifically denies it collected "biometrics" or any alleged violation of BIPA.**

40.     After Mayhew's graduation ceremony, his mother received an email with a link to the Grad Photo Network website soliciting her to purchase photos of Mayhew (the "Solicitation Email").

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

41.     The Solicitation Email was sent by "Kabance Photo Services, Inc." from the email address "YourPhotos@kylekabance.picsemail.com." The picsemail.com web address redirects to Candid Color's website (https://www.candid.com/), and therefore, upon information and belief, is owned by Candid Color.

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

42.     When the link in the Solicitation Email is accessed, Mayhew's photos appear with the same dotted-line rectangular field and the same functionality as described in paragraph 23, above.

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

43.     Mayhew's mother, who is an Illinois resident, purchased photos of Mayhew through the Grad Photo Network website (Order ID: VG13016798). Mayhew' s mother purchased both digital prints and physical prints that were shipped to her residence in Illinois. The confirmation email that Mayhew's mother received for her purchase listed her billing and shipping address in Collinsville, Illinois. The confirmation email, like the Solicitation Email, was sent by "Kabance Photo Services, Inc." from the email address "YourPhotos@kylekabance.picsemail.com."

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

44.     Mayhew was never informed (in Illinois or elsewhere) that Defendants would collect or use his biometrics.

**RESPONSE:  Kabance denies it collected or used Plaintiff Mayhew's "biometrics." Kabance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.**

14

45.    Mayhew was never informed (in Illinois or elsewhere) that Defendants would profit from the use of his biometrics by using them to locate photographs of him taken at the graduation ceremony and solicit his family to purchase the photographs.

**RESPONSE:    Kabance denies it profited from the use of "biometrics," used "biometrics," or solicited Plaintiff Mayhew's family. Kabance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.**

46.    Mayhew never gave Candid Color consent (in Illinois or elsewhere) to collect, use, or profit from his biometrics.

**RESPONSE:    Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

**Plaintiff Rosalie Noren**

47.    Plaintiff Rosalie Noren graduated from Blackburn College in 2021. She attended the school's graduation ceremony held on May 15, 2021, at Blackburn College in Carlinville, Illinois. Blackburn College is a private institution.

**RESPONSE: Kabance admits that Blackburn College held a graduation ceremony at the address listed in this paragraph on May 15, 2021.  Kabance further admits that Blackburn College is a private college.  Kabance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.**

48.    During the graduation ceremony, photographers working on behalf of Kabance, as part of the Grad Photo Network, took photos of Noren, and subsequently uploaded them to the Grad Photo Network website. The photos of Noren can be viewed by accessing the Grad Photo Network Website at https://www.gradphotonetwork.com/QPPlus/SearchNames.aspx? EventID=2147496&AccountNumber=32298, entering the last name "Noren," clicking the "Continue" button, and then clicking the "View Proofs" button next to Noren's name.

**RESPONSE: Kabance admits that Blackburn College held a graduation ceremony at the address listed in this paragraph on May 15, 2021, and that its employees**

photographed the graduates, uploaded the digital photographs to Candid Color's online platform, which made photographs available for viewing and sale as part of Kabance's agreement with Blackburn College. Kabance denies any inference that its employees were working "as part of the Grad Photo Network." Kabance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

49.     When some individual photos of Noren on the Grad Photo Network Website are selected (by clicking on them), a dotted-line rectangular field automatically appears around Noren's face. Notably, however, this functionality is not present for the photos in which Noren is wearing a face mask.

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

50.     For the photos for which the rectangular field appears around Noren's face, clicking inside the rectangular field reloads the webpage and returns other photos depicting Noren. The address of the webpage that is returned (https://www.gradphotonetwork.com/QPPlus/Proofs.aspx?EventID=2147496&AccountNumber=32298&FaceId=604077)includes,   at the end, a "FaceId" that is specific to Noren.

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

51.     This functionality is not limited to Noren. Some of the photos of Noren depict her with other graduates or school officials. In most cases, a dotted-line rectangular field also appears around those persons' faces, and clicking within any of those fields reloads the webpage and returns other photos depicting that person. In each case, the webpage address that is returned after clicking on a person's face includes at the end a "FaceID" that is unique to that person. Notably, however, this functionality is not present for persons who are wearing face masks.

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

52.     This functionality shows—consistent with Candid Color's representations described in paragraphs 21 through 24 and 28 through 29, above— that Kabance used Candid Color's "Ecommerce platform" to recognize Noren's face, extract Noren's faceprint, and compile photos containing Noren's face. Defendants therefore collected Noren's biometrics.

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Kabance denies the allegations contained in this paragraph and specifically denies it collected "biometrics" or any alleged violation of BIPA.**

53.   After Noren's graduation, she believes that she received one or more emails soliciting her to purchase the photos like that described in paragraphs 40 through 41.

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

***Defendants Have Collected, Used, and Profited from the Biometrics of Countless Other Illinois Citizens***

54.   The Grad Photo Network Website hosts far more photos than just those of Mayhew and Noren.

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

55.   Kabance's account on the Grad Photo Network Website, for example, hosts photos of other participants in the Collinsville High School and Blackburn College graduation ceremonies, as well as photos from other events held in Illinois that likely depict Illinois residents.

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as alleged and therefore denies same.**

56.   Upon information and belief, Defendants have collected the biometrics (in the form of data representing the unique geometry of facial images) of hundreds of other individuals whose facial images are contained in photographs uploaded to the Grad Photo Network website in the same manner as described above with respect to the photos of Mayhew and Noren.

**RESPONSE:  Kabance denies the allegations contained in this paragraph.**

57.    Upon information and belief, Defendants do not make available to the public a written policy establishing a retention schedule and guidelines for permanently destroying the biometrics in their possession. Indeed, Candid Color represents that it stores images uploaded to its "Ecommerce platform" for "15+ years." Given the functionality described in paragraph 23, above, it can reasonably be inferred that biometrics are stored on the Grad Photo Network Website for the same length of time to maintain that functionality.

**RESPONSE:    Kabance denies that it stored, possessed or currently possesses biometrics, and on that basis, denies all allegations in this paragraph.**

58.    Upon information and belief, Candid Color has derived revenue or profits from the sale of photographs of Illinois citizens taken at Illinois-located events and benefits from its purposeful, intentional commercial relationship with photographers who are based in Illinois or take photos at events held in Illinois, including Kabance.

**RESPONSE:    Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as alleged and therefore denies same.**

59.    Upon information and belief, Kabance has derived revenue or profits from the sale of photographs of Illinois citizens taken at Illinois-located events and benefits from its purposeful, intentional commercial relationship with entities that are based in Illinois, such as Collinsville High School and Blackburn College.

**RESPONSE:    Kabance admits that upon information and belief it has in the past derived revenue from the sale of photographs, which are not included in the definition of "biometric identifies" under BIPA. Kabance further admits that it had commercial agreements with Illinois entities, including state entities.  Kabance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph as alleged and therefore denies same.**

60.    Upon information and belief, Defendants' collection, storage, use, and profit from the biometrics of Illinois residents all have been done without the informed written consent of the subject individuals (or their legal representatives).

**RESPONSE:    Kabance denies that it collected, stored, used or profited from biometrics, and on that basis, denies all allegations in this paragraph.**

18

61. Candid Color's "Ecommerce platform" includes not just the Grad Photo Network Website, but also online sales platforms under the names "TSS Photography" (https://orders.tssphotography.com/), "Party Pics" or "Party Pic Network" (https://www.partypics.com/), "Quic Pics" (https://quicpics.com/), "Race Photo Network" (https://www.racephotonetwork.com/), and "Team Photo Network" (https://www.teamphotonetwork.com/).

**RESPONSE: The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance. To the extent that an answer is required, Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

62. Upon information and belief, in addition to Kabance, other photographers operating in Illinois have used the various online platforms within Candid Color "Ecommerce platform" to capture the biometrics of Illinois residents. Though the identities of those photographers presently are unknown to Plaintiffs, they presumably are known to Candid Color, and discovery can determine whether those photographers also collected biometrics (or facilitated Candid Color's collection of biometrics) by using Candid Color's platform.

**RESPONSE: The allegations in this paragraph are not directed against Kabance, and thus no answer is required by Kabance. To the extent that an answer is required, Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

*Defendants' Collection and Use of Biometrics Violates BIPA*

63. Defendants' practice of collecting, storing, using, and profiting from Illinois' citizens biometrics violates BIPA Sections 15(a), (b)(1)–(3), and (c).

**RESPONSE: Kabance denies that it collected, stored, used or profited from biometrics, and on that basis, denies all allegations in this paragraph. Kabance specifically denies any alleged violation of BIPA.**

64. **BIPA Section 15(a).** Defendants possess biometrics, but do not make available to the public a written policy that establishes a retention schedule and guidelines ensuring that the biometrics they collect are destroyed when the initial purpose for collecting them has been satisfied or within three years of the individual's last interaction with Defendants, whichever

comes first, and do not comply with those requirements. Defendants therefore violate BIPA Section 15(a).

**RESPONSE:  Kabance denies that it possesses biometrics, and on that basis, denies all allegations in this paragraph.  Kabance specifically denies any alleged violation of BIPA.**

65.    **BIPA Section 15(b)(1).** Defendants collect, capture, receives through trade, or otherwise obtain biometrics without first informing the subject (or the subject's legally authorized representative) in writing that biometrics are being collected or stored. Defendants therefore violate BIPA Section 15(b)(1).

**RESPONSE:  Kabance denies that it collects, captures, receives through trade, or otherwise obtains biometrics, and on that basis, denies all allegations in this paragraph. Kabance specifically denies any alleged violation of BIPA.**

66.    **BIPA Section 15(b)(2).** Defendants collect, capture, receive through trade, or otherwise obtain biometrics without first informing the subject (or the subject's legally authorized representative) in writing of the specific purpose and length of term for which the biometrics are being collected, stored, or used. Defendants therefore violate BIPA Section 15(b)(2).

**RESPONSE:  Kabance denies that it collects, captures, receives through trade, or otherwise obtains biometrics, and on that basis, denies all allegations in this paragraph. Kabance specifically denies any alleged violation of BIPA.**

67.    **BIPA Section 15(b)(3).** Defendants collect, capture, receive through trade, or otherwise obtain biometrics without first receiving from the subject (or the subject's legally authorized representative) an executed written release. Defendants therefore violate BIPA Section 15(b)(3).

**RESPONSE:  Kabance denies that it collects, captures, receives through trade, or otherwise obtains biometrics, and on that basis, denies all allegations in this paragraph. Kabance specifically denies any alleged violation of BIPA.**

68.    **BIPA Section 15(c).** Defendants profit from the biometrics that they possess by using them to facilitate the sale of photographs through the Grad Photo Network Website. Defendants therefore violate BIPA Section 15(b)(3).

**RESPONSE:  Kabance denies that it profited from, possessed or currently possesses biometrics, and on that basis, denies all allegations in this paragraph.  Kabance specifically denies any alleged violation of BIPA.**

## CLASS ALLEGATIONS

69.    This action is brought under Rule 23 of the Federal Rules of Civil Procedure by the named Plaintiffs on their own behalf and on behalf of a proposed Class of all other persons similarly situated, defined as follows:

> All residents of the State of Illinois whose biometric information or biometric identifiers were collected, captured, purchased, received through trade, or otherwise obtained by, or profited from by Defendants while residing in Illinois.

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Kabance denies that Plaintiffs, or any members of the putative class, are entitled to any of the relief requested herein. Kabance denies the remaining allegation of this paragraph.**

70.    The Class is so numerous that the individual joinder of all members is impracticable. While the exact number of Class members presently is unknown to Plaintiffs, it is ascertainable by appropriate discovery or is known or available to Defendants. Upon information and belief, the class includes thousands of members.

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

71.    Common questions of law or fact arising from Defendants' conduct exist as to all members of the Class. These common questions include, without limitation:

> a.    Whether Defendants captured, collected, stored or used the biometrics of Plaintiffs or the Class members.
> b.    Whether Defendants informed Plaintiffs or the Class members in writing that their biometrics were being captured, collected, stored, or used.
> c.    Whether Defendants informed in writing Plaintiffs or the Class members of the specific purpose and length of term for which their biometrics were being captured, collected, stored, or used.
> d.    Whether Defendants received from Plaintiffs, the Class members, or their legally authorized representative an executed written release before Defendants captured, collected, stored, or used their biometrics.
> e.    Whether Defendants developed and made available to the public a written policy establishing a retention schedule and guidelines for permanently destroying biometrics at the earlier of the time when the initial purpose for

21

collecting or obtaining the biometrics was satisfied or within three years of an individual's last interaction with Defendants.

    f.    Whether Defendants profited from Plaintiffs' or the Class members' biometrics by using them to facilitate the sale of photographs through the their online platforms.

**RESPONSE:  Kabance denies the allegations contained in this paragraph, including all sub-parts.**

72.    Class treatment provides a fair and efficient method for the adjudication of the controversy described in this First Amended Complaint because the controversy affects a large number of persons. Class treatment therefore provides an appropriate and effective method for Plaintiffs and Class members to assert their claims in a manner that can fairly be managed without unnecessary expense or duplication. The expense and burden of individual litigating the claims of each Class member is impracticable and would waste judicial resources.

**RESPONSE:  Kabance denies the allegations contained in this paragraph.**

73.    Furthermore, class treatment allows litigation of claims that, given the expenses of litigation, likely would be insufficient in monetary value to support separate actions. Class treatment allows litigation to be conducted in a single forum, which aids judicial economy and efficiency, promotes parity among the claims of individual Class members, and results in judicial consistency.

**RESPONSE:  Kabance denies the allegations contained in this paragraph.**

74.    In contrast, the prosecution of separate actions by individual members of the Class would create a risk of:

    a.    inconsistent or varying adjudications with respect to individual members of the Class; and

    b.    adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

**RESPONSE:  Kabance denies the allegations contained in this paragraph, including all sub-parts.**

75.    Plaintiffs will fairly and adequately protect the interests of the Class that they represent. Plaintiffs' interests as the Class representatives are consistent with those of the Class members.

**RESPONSE:  Kabance denies the allegations contained in this paragraph.**

76.    Plaintiffs are represented by counsel experienced in class action and other complex litigation.

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

77.    Plaintiffs and their counsel envision no difficulties in managing this case as a class action.

**RESPONSE:  Kabance is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.**

**COUNT I – VIOLATION OF BIPA SECTION 15(a)**
**740 ILCS 14/15(a)**
**Failure to Develop or Comply with Retention Policy**
**(By Plaintiffs and the Class Against Defendants)**

78.    Plaintiffs incorporate all preceding allegations as if fully set forth herein.

**RESPONSE:    Kabance repeats, realleges and incorporates by reference its responses to paragraphs 1 through 77 of the Complaint as if fully set forth herein.**

79.    BIPA Section 15(a) requires private entities in possession of biometrics to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, admitted that the statute contains the quoted language.  Otherwise denied.**

80.    Defendants are "private entit[ies]" as defined in BIPA Section 10 [740 ILCS 14/10] in that Candid Color is an Oklahoma corporation, Kabance is a voluntary unincorporated association, and neither is nor includes a State or local government agency.

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, admitted that the statute contains the quoted language.  Otherwise denied.**

81.    Defendants possess the biometrics of Plaintiffs and the Class members as described throughout this First Amended Complaint.

**RESPONSE:  Kabance denies that it possesses biometrics, and on that basis, denies all allegations in this paragraph.**

82.    Defendants never have developed a publicly-available written policy that complies with the requirements of BIPA Section 15(a) and do not abide by such a policy.

**RESPONSE:  Kabance denies that it possesses biometrics, and on that basis, denies all allegations in this paragraph.**

83.    Defendants' possession of Plaintiffs' and the Class members' biometrics without developing or complying with a publicly-available written policy consistent with the requirements of BIPA Section 15(a) violates BIPA Section 15(a).

**RESPONSE:  Kabance denies that it possesses biometrics, and on that basis, denies all allegations in this paragraph.  Kabance specifically denies any alleged violation of BIPA.**

84.    Plaintiffs and the Class members are aggrieved by Candid Color's possession of their biometrics without developing or complying with a publicly-available written policy consistent with the requirements of BIPA Section 15(a).

**RESPONSE:  Kabance denies that it possesses biometrics, and on that basis, denies all allegations in this paragraph.   Kabance specifically denies any alleged violation of BIPA.**

85.    As a direct result of Defendants' violations of BIPA Section 15(a), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**RESPONSE:  Kabance denies the allegations contained in this paragraph.  Kabance specifically denies that Plaintiffs are entitled to any relief and further denies any alleged violations of BIPA.**

WHEREFORE, having fully responded to Count I of Plaintiffs' First Amended Class Action Complaint, Defendant Kabance Photo Services, Inc. prays this Court enter judgment in its favor and against Plaintiffs, that it has and recovers its costs herein, and for such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

**COUNT II – VIOLATION OF BIPA SECTION 15(b)(1)**
**740 ILCS 14/15(b)(1)**
**Failure to Inform of Collection or Storage**
**(By Plaintiffs and the Class Against Defendants)**

86.    Plaintiffs incorporate all preceding allegations as if fully set forth herein.

**RESPONSE:   Kabance repeats, realleges and incorporates by reference its responses to paragraphs 1 through 85 of the Complaint as if fully set forth herein.**

87.    BIPA Section 15(b)(1) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored." 740 ILCS 14/15(b)(1).

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, admitted that the statute contains the quoted language.  Otherwise denied.**

88.    Defendants are "private entit[ies]" as defined in BIPA Section 10 [740 ILCS 14/10] in that Candid Color is an Oklahoma corporation, Kabance is a voluntary unincorporated association, and neither is nor includes a State or local government agency.

**RESPONSE: The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, admitted that the statute contains the quoted language. Otherwise denied.**

89.    Defendants collected, captured, received through trade, or otherwise obtained the biometrics of Plaintiffs and the Class members as described throughout this First Amended Complaint.

**RESPONSE: Kabance denies that it collected, captured, received through trade or otherwise obtained biometrics, and on that basis, denies all allegations in this paragraph.**

90.    Defendants collected, captured, received through trade, or otherwise obtained the biometrics of Plaintiffs and the Class members without first informing in writing Plaintiffs or the Class members (or their legally authorized representatives) that their biometrics were being collected or stored.

**RESPONSE: Kabance denies that it collected, captured, received through trade or otherwise obtained biometrics, and on that basis, denies all allegations in this paragraph.**

91.    Defendants' collection and storage of Plaintiffs' and the Class members' biometrics without first informing them (or their legally authorized representatives) in writing violates BIPA Section 15(b)(1).

**RESPONSE: Kabance denies that it collected or stored biometrics, and on that basis, denies all allegations in this paragraph. Kabance specifically denies any alleged violation of BIPA.**

92.    Plaintiffs and the Class members are aggrieved by Defendants' collection and storage of their biometrics without having first informed them (or their legally authorized representatives) in writing as required under BIPA Section 15(b)(1).

**RESPONSE: Kabance denies that it collected or stored biometrics, and on that basis, denies all allegations in this paragraph. Kabance specifically denies any alleged violation of BIPA.**

93.    As a direct result of Defendants' violations of BIPA Section 15(b)(1), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**RESPONSE:  Kabance denies the allegations contained in this paragraph.  Kabance specifically denies that Plaintiffs are entitled to any relief and further denies any alleged violations of BIPA.**

WHEREFORE, having fully responded to Count II of Plaintiffs' First Amended Class Action Complaint, Defendant Kabance Photo Services, Inc. prays this Court enter judgment in its favor and against Plaintiffs, that it has and recovers its costs herein, and for such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

**<u>COUNT III – VIOLATION OF BIPA SECTION 15(b)(2)</u>**
**740 ILCS 14/15(b)(2)**
**Failure to Inform of Purpose and Length of Term**
**(By Plaintiffs and the Class Against Defendants)**

94.     Plaintiffs incorporate all preceding allegations as if fully set forth herein.

**RESPONSE:    Kabance repeats, realleges and incorporates by reference its responses to paragraphs 1 through 93 of the Complaint as if fully set forth herein.**

95.     BIPA Section 15(b)(2) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2).

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, admitted that the statute contains the quoted language.  Otherwise denied.**

96.     Defendants are "private entit[ies]" as defined in BIPA Section 10 [740 ILCS 14/10] in that Candid Color is an Oklahoma corporation, Kabance is a voluntary unincorporated association, and neither is nor includes a State or local government agency.

**RESPONSE: The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, admitted that the statute contains the quoted language. Otherwise denied.**

97.    Defendants collected, captured, received through trade, or otherwise obtained the biometrics of Plaintiffs and the Class members as described throughout this First Amended Complaint.

**RESPONSE: Kabance denies that it collected, captured, received through trade or otherwise obtained biometrics, and on that basis, denies all allegations in this paragraph.**

98.    Defendants collected, captured, received through trade, or otherwise obtained the biometrics of Plaintiffs and the Class members without first informing in writing Plaintiffs or the Class members (or their legally authorized representatives) of the specific purpose and length of term for which their biometrics were being collected, stored, or used.

**RESPONSE: Kabance denies that it collected, captured, received through trade or otherwise obtained biometrics, and on that basis, denies all allegations in this paragraph.**

99.    Defendants' collection, storage, and use of Plaintiffs' and the Class members' biometrics without first informing them (or their legally authorized representatives) in writing of the specific purpose and length of term for which their biometrics were being collected, stored, or used violates BIPA Section 15(b)(2).

**RESPONSE: Kabance denies that it collected, stored or used biometrics, and on that basis, denies all allegations in this paragraph. Kabance specifically denies any alleged violation of BIPA.**

100.    Plaintiffs and the Class members are aggrieved by Defendants' collection and use of their biometrics without having first informed them (or their legally authorized representatives) in writing of the specific purpose and length of term for which their biometrics were being collected or used as required under BIPA Section 15(b)(2).

**RESPONSE: Kabance denies that it collected or used biometrics, and on that basis, denies all allegations in this paragraph. Kabance specifically denies any alleged violation of BIPA.**

101.    As a direct result of Defendants' violations of BIPA Section 15(b)(2), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**RESPONSE: Kabance denies the allegations contained in this paragraph. Kabance specifically denies that Plaintiffs are entitled to any relief and further denies any alleged violations of BIPA.**

WHEREFORE, having fully responded to Count III of Plaintiffs' First Amended Class Action Complaint, Defendant Kabance Photo Services, Inc. prays this Court enter judgment in its favor and against Plaintiffs, that it has and recovers its costs herein, and for such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

**COUNT IV – VIOLATION OF BIPA SECTION 15(b)(3)**
**740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(By Plaintiffs and the Class Against Defendants)**

102.    Plaintiffs incorporate all preceding allegations as if fully set forth herein.

**RESPONSE:    Kabance repeats, realleges and incorporates by reference its responses to paragraphs 1 through 101 of the Complaint as if fully set forth herein.**

103.    BIPA Section 15(b)(3) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." 740 ILCS 14/15(b)(3).

**RESPONSE: The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, admitted that the statute contains the quoted language. Otherwise denied.**

104.    Defendants are "private entit[ies]" as defined in BIPA Section 10 [740 ILCS 14/10] in that Candid Color is an Oklahoma corporation, Kabance is a voluntary unincorporated association, and neither is nor includes a State or local government agency.

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, admitted that the statute contains the quoted language.  Otherwise denied.**

105.    Defendants collected, captured, received through trade, or otherwise obtained the biometrics of Plaintiffs and the Class members as described throughout this First Amended Complaint.

**RESPONSE:  Kabance denies that it collected, captured, received through trade or otherwise obtained biometrics, and on that basis, denies all allegations in this paragraph.**

106.    Defendants collected, captured, received through trade, or otherwise obtained the biometrics of Plaintiffs and the Class members without first having obtained a written release executed by them or their authorized legal representative.

**RESPONSE:  Kabance denies that it collected, captured, received through trade or otherwise obtained biometrics, and on that basis, denies all allegations in this paragraph.**

107.    Defendants' collection, capture, or receipt through trade of Plaintiffs' and the Class members' biometrics without first having obtained an executed written release violates BIPA Section 15(b)(3).

**RESPONSE:  Kabance denies that it collected, captured, received through trade or otherwise obtained biometrics, and on that basis, denies all allegations in this paragraph. Kabance specifically denies any alleged violation of BIPA.**

108.    Plaintiffs and the Class members are aggrieved by Defendants' collection, capture, or receipt through trade of their biometrics without first having obtained an executed written release as required under BIPA Section 15(b)(3).

**RESPONSE:  Kabance denies that it collected, captured, received through trade or otherwise obtained biometrics, and on that basis, denies all allegations in this paragraph. Kabance specifically denies any alleged violation of BIPA.**

109.    As a direct result of Defendants' violations of BIPA Section 15(b)(3), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**RESPONSE:  Kabance denies the allegations contained in this paragraph.  Kabance specifically denies that Plaintiffs are entitled to any relief and further denies any alleged violations of BIPA.**

WHEREFORE, having fully responded to Count IV of Plaintiffs' First Amended Class Action Complaint, Defendant Kabance Photo Services, Inc. prays this Court enter judgment in its favor and against Plaintiffs, that it has and recovers its costs herein, and for such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

**COUNT V – VIOLATION OF BIPA SECTION 15(c)**
**740 ILCS 14/15(c)**
**Profiting from Biometrics (By Plaintiffs and the Class Against Defendants)**

110.    Plaintiffs incorporate all preceding allegations as if fully set forth herein.

**RESPONSE:    Kabance repeats, realleges and incorporates by reference its responses to paragraphs 1 through 109 of the Complaint as if fully set forth herein.**

111.    BIPA Section 15(c) makes it unlawful for any private entity to "sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information.740 ILCS 14/15(c).

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, admitted that the statute contains the quoted language.  Otherwise denied.**

112.    Defendants are "private entit[ies]" as defined in BIPA Section 10 [740 ILCS 14/10] in that Candid Color is an Oklahoma corporation, Kabance is a voluntary unincorporated association, and neither is nor includes a State or local government agency.

**RESPONSE:  The allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, admitted that the statute contains the quoted language.  Otherwise denied.**

113.    Defendants possess the biometrics of Plaintiffs and the Class members as described throughout this First Amended Complaint.

**RESPONSE:  Kabance denies that it possesses biometrics, and on that basis, denies all allegations in this paragraph.**

114.    Defendants profit from the biometrics of Plaintiffs and the Class members by using them to facilitate the sale of photographs through Candid Color's "Ecommerce platform."

**RESPONSE:  Kabance denies that it uses or profits from the use of biometrics, and on that basis, denies all allegations in this paragraph.**

115.    Defendants' practice of profiting from Plaintiffs' and the Class members' biometrics violates BIPA Section 15(c).

**RESPONSE:   Kabance denies that it profits from biometrics, and on that basis, denies all allegations in this paragraph.   Kabance specifically denies any alleged violation of BIPA.**

116.    Plaintiffs and the Class members are aggrieved by Defendants' practice of profiting from their biometrics in violation of BIPA Section 15(c).

**RESPONSE:   Kabance denies that it profits from biometrics, and on that basis, denies all allegations in this paragraph.   Kabance specifically denies any alleged violation of BIPA.**

117.    As a direct result of Defendants' violations of BIPA Section 15(c), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**RESPONSE:  Kabance denies the allegations contained in this paragraph.  Kabance specifically denies that Plaintiffs are entitled to any relief and further denies any alleged violations of BIPA.**

WHEREFORE, having fully responded to Count V of Plaintiffs' First Amended Class Action Complaint, Defendant Kabance Photo Services, Inc. prays this Court enter judgment in its favor and against Plaintiffs, that it has and recovers its costs herein, and for such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

**PRAYER FOR RELIEF**

Plaintiffs, individually and on behalf of the proposed Class, respectfully requests the following relief with respect to each and every count alleged above:

A.  certification of this action as a class action under Rule 23 of the Federal Rules of Civil Procedure and appointment of the undersigned as class counsel;

B.  a declaration that Defendants' conduct described throughout this First Amended Complaint violates BIPA Sections 15(a), (b)(1)–(3), and (c);

C.  injunctive and equitable relief as is necessary to protect Plaintiffs and the proposed Class from Defendants' ongoing violations of BIPA Sections 15(a), (b)(1)–(3), and (c);

D.  statutory damages in the amount of $5,000.00 for each and every intentional or reckless violation of BIPA, as allowed under BIPA Section 20(2), and statutory damages in the amount of $1,000.00 for each and every negligent violation of BIPA, as allowed under BIPA Section 20(1);

E.  their reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, as allowed under BIPA Section 20(3) or other applicable law;

F.  such other relief as the Court deems just and appropriate.

**RESPONSE: Kabance admits that Plaintiffs request the relief listed in "Prayer for Relief" but denies that Plaintiffs or any members of the putative class are entitled to any relief.  Kabance further denies any remaining allegations in this section.**

## AFFIRMATIVE DEFENSES

In furtherance of Kabance's Answer, and without waiving to any extent its denials of liability to Plaintiffs and without admitting or acknowledging that Kabance bears any burden of proof as to any of the allegations contained in the First Amended Class Action Complaint ("Complaint"), Kabance hereby pleads and asserts the following affirmative defenses in response to Plaintiffs' Complaint. Kabance expressly reserves the right to raise additional defenses, amend its answers and affirmative and other defenses, and assert counterclaims as they may become known through the course of further investigation and discovery:

## FIRST AFFIRMATIVE DEFENSE

Kabance denies each and every allegation of Plaintiff's First Amended Class Action Complaint not specifically admitted, denied, or responded to herein.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against Kabance are barred in whole or in part by BIPA's "government contractor" exception. *See* 740 ILCS 14/25(e) ("Nothing in this Act shall be construed to apply to a contractor, subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government.").

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because they seek relief that is barred under the United States and/or Illinois Constitutions. The Complaint seeks either $1,000 or $5,000 in statutory damages for each alleged BIPA violation, even though neither Plaintiffs nor the putative Class have suffered any harm as a result of the conduct alleged. The statutory damages available under BIPA are grossly excessive and disproportionate in light of the absence

34

of any injury or harm to Plaintiffs and the putative Class members, and therefore any award of statutory damages to the Plaintiffs or putative Class members would violate Kabance's due process rights, as well as other constitutional rights such as the right to fair notice and protections against excessive fines, punishments, and takings. Additionally, to the extent the Complaint or the BIPA statute purports to require Kabance to change its conduct outside of Illinois, the Complaint is barred by constitutional rights and doctrines such as the dormant Commerce Clause, procedural and substantive due process, fair notice, and protections against excessive fines, punishments, and takings.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under the doctrines of estoppel, waiver, laches, unclean hands and/or other equitable defenses. Upon information and belief, Plaintiffs and each putative Class member voluntarily and affirmatively approved and participated in the conduct that the Complaint alleges was wrongful and never objected to the alleged conduct before filing this lawsuit.  Plaintiffs and the putative Class members are accordingly barred from asserting BIPA claims under the doctrines of estoppel, waiver, laches, unclean hands and/or other equitable defenses.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by Kabance's good faith, and its absence of negligent, reckless, or intentional conduct. To the extent that BIPA applies to Kabance's conduct as alleged in the Complaint, which Kabance denies, Kabance is not liable because it relied in good faith upon a reasonable interpretation of BIPA's statutory language, and because of Kabance's belief that it was not capturing, collecting, storing, retaining, disseminating, or otherwise using consumers' biometrics in connection with its use of Candid Color Systems,

35

Inc.'s online platform.  Additionally, to Kabance's understanding, Candid Color's technology does not capture, collect, store, retain, disseminate, or otherwise use Kabance's consumers' biometrics.  Kabance has relied upon this understanding.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrines of comparative negligence and assumption of risk. Plaintiffs were aware of and voluntarily undertook any risks associated with the conduct alleged to violate BIPA.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by Kabance's good faith, and the absence of negligent, intentional, or reckless conduct. To the extent that BIPA applies to Kabance's alleged conduct, which Kabance denies, Kabance is not liable because it relied in good faith upon a reasonable interpretation of BIPA's statutory language and took reasonable and good faith steps to comply with BIPA, and any alleged violation was not negligent, intentional, or reckless.

### EIGHTH AFFIRMATIVE DEFENSE

Kabance acted at all times in good faith and without malice, willfulness, or reckless indifference, barring any recovery of punitive or exemplary damages by Plaintiffs and the putative class.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs and the putative class members, or individuals with authority to act on their behalf, consented to the conduct alleged to violate BIPA.

## <u>TENTH AFFIRMATIVE DEFENSE</u>

All or part of the damages alleged in Plaintiffs' Complaint were caused by the acts and/or omissions of other persons or entities, including, without limitation, acts or omissions by the plaintiffs and/or members of the putative class in interacting with Candid Color Systems, Inc.'s online platform.  Kabance is not legally responsible for these actions or omissions, which intervened between the alleged acts or omissions of Kabance and the alleged damages of Plaintiffs and members of the putative class. The alleged damages, if any, are therefore not recoverable in whole or in part from Kabance.

## <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred in whole or in part because Kabance's alleged conduct was not the actual or proximate cause of any alleged injury or loss suffered by Plaintiffs and/or members of the putative class, and the alleged damages were caused in whole or in part by the acts and/or omissions of persons or entities for whom Kabance is not legally responsible. Therefore, any damages awarded must be apportioned or reduced to the extent that such damages are attributable to or caused by persons or entities other than Kabance.

## <u>TWELFTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred in whole or in part by the Dormant Commerce Clause of the United States Constitution. If the conduct alleged in the Complaint qualifies as a violation of BIPA, BIPA would (1) have the practical effect of allowing Illinois law to regulate conduct occurring entirely outside of Illinois; (2) subject Kabance to inconsistent statutes and regulations; and (3) usurp the prerogative of other states to make their own policy choices and to apply their own laws.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Because any biometric data alleged to have been collected by Kabance was actually collected (if at all) by other parties and not at Kabance's direction, Kabance has no way of knowing "that a biometric identifier or biometric information is being collected or stored" or of knowing the "specific purpose and length of term for which [the alleged] biometric identifier or biometric [was being] collected, stored, and used," as it would be required to inform the subject under sections 15(b)(1) and (2) of BIPA. Additionally, because Kabance has no way of knowing that biometric data is being collected or stored, or the purpose or length of term, Kabance has no way of "receiv[ing] a written release executed by the subject of the biometric identifier or biometric information," as required by section 15(b)(3) of BIPA. Imposing liability on Kabance based on mandates that it is impossible or impracticable for Kabance to comply with would violate Kabance's right to due process.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims on behalf of themselves and the alleged putative class is inappropriate for class treatment, and no class can be certified, because—among other things—there are no common questions capable of class-wide resolution, Plaintiffs' claim are atypical of the claims of the putative class members, Plaintiffs are inadequate representatives for the putative class, individual issues predominate, and class litigation is inferior to alternative means of adjudicating the putative class members' claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Although Plaintiffs purport to limit the putative class to those individuals whose "biometrics were captured, collected, stored, used, transmitted, or disseminated…within the applicable limitations period," Kabance currently lacks sufficient knowledge or information to identify when each putative class member's claims may have arisen. The claims of the putative class are barred in whole or in part to the extent that they failed to bring their causes of action within the time period required by the applicable statutes of limitations.

WHEREFORE, having fully responded to Plaintiffs' First Amended Class Action Complaint, Defendant Kabance Photo Services, Inc. prays this Court enter judgment in its favor and against Plaintiffs, that it has and recovers its costs herein, and for such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

**BAKER STERCHI COWDEN & RICE LLC**

By:   */s/Jennifer L. Maloney*
     Jennifer L. Maloney, #6282750
     100 North Broadway, 21st Floor
     St. Louis, Missouri 63102
     (314) 345-5000
     (314) 345-5055 (FAX)
     jmaloney@bakersterchi.com

     Laura K. Beasley, #6274537
     Emily C. O'Connor, # 6317285
     23 Public Square, Suite 400
     Belleville, IL  62220
     (618) 202-5800
     (618) 202-2678 (FAX)
     lbeasley@bakersterchi.com
     emily.oconnor@bakersterchi.com

*Attorneys for Defendant*
*Kabance Photo Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served via the Court's CM/ECF filing system on the 22nd day of August 2024, upon all counsel of record.


    */s/ Jennifer L. Maloney*